CHARLES T. MITCHELL, SARAH O. CHAMBERS AND MARGARET J. McILVAINE, APPELLANTS, v. MARY A. W. THORNE, RESPONDENT.

*Desecration of an ancestor's grave— any descendant may sue therefor without joining in the suit the other descendants.*

It is the right of a descendant to appeal to a court of equity to prevent a desecration of his ancestors' graves, and this right does not depend upon the fact that his immediate ancestor died intestate.

The protection which will be extended by a court of chancery in such a case does not rest upon any statute.

In such an action it is not essential to the recovery of damages that all parties having the same interest as the plaintiff should be shown to be parties to the suit, as the plaintiff can recover damages only to the extent that they have been sustained by him.

APPEAL by the plaintiffs from an order and judgment of the Supreme Court, entered at a Special Term thereof, sustaining a demurrer interposed by the defendant to the plaintiffs' complaint, and directing judgment against the plaintiffs for costs, which order and judgment were entered in the Queens county clerk's office on the 17th day of January, 1890, and also from a final judgment entered in said clerk's office on February 10, 1890.

The complaint alleged the ownership of certain lands by one John T. Mitchell, the plaintiffs' father, and the laying out and establishment of a cemetery therein, in which many of the plaintiffs' ancestors and relatives had been interred. That said lands had been conveyed to one Thorne, excepting and reserving, however, the right of interment in the ground laid off for that purpose in the land conveyed, and the right of way thereto. That the defendant, by certain mesne conveyances, became the owner of the land conveyed by such deed. That the defendant wrongfully and willfully, and against equity and good conscience, tore down the fences that surrounded said burial plot, and destroyed some of the head-stones, and leveled the graves, to the plaintiffs' damage to the amount of $5,000, and that the defendant threatens to completely destroy the said cemetery.

Judgment was asked that the plaintiffs' right of family burial in said plot of ground be adjudged to exist; that the defendant be

restrained from removing the head-stones and obliterating the graves; and that the plaintiffs recover $5,000 damages.

The demurrer was interposed upon the ground that it appeared upon the face of the complaint that it did not state facts sufficient to constitute a cause of action; that there was a defect of parties plaintiff in that it appeared that the heirs-at-law of the father of the plaintiffs and of the other grantors in the deed to Thorne mentioned in the complaint, other than the plaintiffs, were not made parties plaintiff to the action; that there was a defect of parties defendant in that the persons referred to as not having been made parties plaintiff were not made parties defendant.

*A. N. Weller*, for the appellants.

*John M. Perry*, for the respondent.

PRATT, J.:

The demurrer admits that plaintiffs' ancestor set apart a portion of his lands as a burial place wherein many members of plaintiffs' family have been buried; and that upon conveyance of the lands to defendant's predecessor in title, said ancestor reserved to himself and his heirs forever the right of interment in the land set apart for that purpose and also a right of way to the same; that plaintiffs' ancestor is dead and defendant is proceeding to level off the graves, tear down head-stones, destroy the enclosing fence and threatens to continue said acts. The complaint does not aver that plaintiffs' ancestor died intestate, and defendant argues that, in the absence of such allegation, it does not appear that plaintiffs have any right of property in the cemetery, and that, in the absence of such right, this action cannot be maintained.

This view prevailed at Special Term. But we are of opinion that the right of a descendant to appeal to a court of equity to prevent a desecration of his ancestor's grave does not depend upon the intestacy of the ancestor. The religious sensibility of the living, in respect to the repose of the dead and the protection that will be extended to it by a court of chancery, does not depend strictly upon statutes. The wife has the first right to bury her husband, but that right does not exclude the right of his next of kin to take care that his place of burial, once established, shall be exempt from arbitrary

interference. (*Pierce* v. *Proprietors, etc.,* 10 R. I., 227; *Wynkoop* v. *Wynkoop,* 42 Pa. St., 293.)

An opinion was expressed below that, as the complaint prays damages it was defective, in not showing that all parties having the same interest as plaintiffs are made parties to the suit. We do not regard that omission as important. It will scarcely be contended that plaintiffs can recover for the damages sustained by persons not made parties to the suit. But such damages, if any, as plaintiffs have themselves sustained can properly be recovered, and does not require the presence of other parties.

Judgment reversed; demurrer overruled and judgment ordered for plaintiffs on demurrer, with leave to defendant to answer on payment of costs of Special and General Term.

Present — BARNARD, P. J., and DYKMAN, J.

Order sustaining demurrer to complaint and judgment thereon reversed and judgment ordered for plaintiffs, with leave to defendant to answer on payment of costs of Special and General Terms.