PATTERSON, J.
The question presented in this case seems to be one of first impression in this jurisdiction, and comes before *191 the court on appeal from a judgment overruling a demurrer to the complaint. Stated, with precision, the inquiry is whether the defendant is liable civiliter, and to this particular plaintiff, for the unlawful dissection of the remains of her husband,— an act not only unlawful, but constituting, on the assumption that the facts alleged are true, a criminal offense. Tire complaint sets forth that on the 16th of May, 1894, the plaintiff's husband fell through an elevator shaft in a building in the city of Hew York, and was taken, in an unconscious condition, to the Bellevue Hospital, where he died three hours after his admission ; ■ that the plaintiff was a loving and devoted wife, and was under the duty.and obligation, and had the right of burying her husband; that she applied at the hospital for his body, and begged and implored those who were in charge of it not to allow or permit an autopsy to be performed, and gave notice that she would immediately send an undertaker for the body, to remove it to her home, where it would be prepared for burial; that, notwithstanding her request and protestations, the defendant, without her knowledge or consent, procured, assisted, aided, and abetted in performing an autopsy on her husband's body, which autopsy was performed without any authority of jaw, and was willfully done,, by cutting open and otherwise abusing and maltreating the dead body. The complaint, then proceeds to state matter intended to be in aggravation of damages, and ends with a demand for a money judgment.
The learned judge who decided this demurrer at the special term has given no statement of the views which prompted his decision, and we are therefore without the advantage of a preliminary judicial examination of the question involved ; but we have reached the conclusion that, the court below was right in overruling the demurrer, on the case as it is stated in the pleading. The allegations of the complaint clearly establish an unlawful act on the part of the defendant. The unauthorized dissection of human remains is a misdemeanor, under the provisions of sections 308 and 309 of the Penal Code of this state. While it is true that the provisions of the criminal law neither give nor recognize a right to institute a civil suit for damages, still they incontestably determine the wrongful nature of the act complained of. There is a statute specially applicable to the case of a patient who dies, as this plaintiff’s husband did, in one of the hospitals of the state. The act of 1854, c. 123, well known as the “Act to Promote Medical Science,” expressly prohibits the dissection of a dead body,' or its delivery to any one for the purposes of dissection, if the relatives or friends of the deceased object, or if they make application within a certain time (as appears to have been done in this case) for the remains for the purposes of burial.
At the outset of the inquiry the objection is taken to the maintenance of the action that, assuming, for the purposes of the argument, a civil action will lie, the plaintiff has no standing in court to maintain it. This objection proceeds upon the idea that, if any one may bring an action of this character, it must be the next of *192 kin. It has been stated in general terms, in several cases, that, in the absence of testamentary direction on the part of the deceased, the exclusive right of burial, and of designating the place in which human remains shall be interred, is with the next of kin. These cases are referred to and cited in an opinion of Mr. Justice Landon in the case of Snyder v. Snyder, 60 How. Prac. 370; and in commenting upon them that learned judge says:
“Most, of the cases there referred to arise with respect to the right to protect the place where the remains were buried, to prevent a disinterment, or to collect from the executors or relatives of the deceased the expenses of the funeral. In the absence of a contention, prior to burial, as to the right between relatives to designate the place of burial, the broad doctrine that the right rests exclusively with the next of kin can hardly be construed as a judicial exclusion of the right of the widow.”
In this case it will be observed that the question is directly presented with reference to the duty and right the widow owes and has to and over the body of her dead husband prior to interment ; that is, before the remains have passed beyond the necessity of human care and attention. It is provided by the Penal Code of this state that, except in cases specially provided for by law, the dead body of a human being lying within this state must .be decently buried within a reasonable time after death. That duty must be performed by somebody. It has been held in this country that the primary duty of burying a deceased wife is upon the husband. Weld v. Walker, 130 Mass. 423. And it has been expressly determined that, if a husband and wife are living together at time of the death of the former, the widow’s right to the possession of the dead body for the purposes of preservation and burial is a right in the widow paramount to that of next of kin. Larson v. Chase, 47 Minn. 307. We think, therefore, as a matter of law, upon the facts as they are stated in this complaint, and without reference to the allegation of the plaintiff’s duty and right, she may maintain this action, if it may be maintained at all. The forgoing observations are made to meet the possible suggestion that the allegation of the complaint respecting the duty and right referred to is merely one of a conclusion of law, and of course, if it is such, it is not admitted by the demurrer. But, construing the words of the complaint with reference to this matter as we think they should be construed, they are equivalent to an allegation that, as a matter of fact, the plaintiff was the person upon whom had devolved the obligation and responsibility of complying with that requirement of the law respecting the interment of human remains to which reference has been made, and that the demurrer admits that she was such person.
This brings us to the consideration of.the other question involved namely, that concerning the right to maintain an action at all. The ground of objection urged by the appellant is that there can be no such action, because there can be no such thing a's property in human remains. By the common law, and stricti juris, the proposition as to property may be maintainable. A long line oi *193 judicial decisions appear to have established a general doctrine to that effect; but courts of equity have frequently interfered to protect the remains of the dead, and courts of law have also afforded remedies, through formal legal actions, wherever any element of trespass to property, real or personal, was associated with the molestation of the remains of the dead. In more recent times the obdurate common-law rule has been very much relaxed, and changed conditions of society, and the necessity for enforcing that protection which is due to the dead, have induced courts to reexamine the grounds upon which the common-law rule reposed, and have led to modifications of its stringency. The old cases in England were decided when matters of burial, and the care of the dead, were within the jurisdiction of the ecclesiastical courts, and they no longer absolutely controlling. Thus, in the case of Pierce v. Proprietors, etc., 10 R. I. 227, it is stated by the court:
“That there is no right of ‘property’ in a dead body, using the word in its ordinary sense, may well be admitted, yet the burial of the dead is a subject which interests the feelings of mankind to a much greater degree than many matters of actual property. There is a duty imposed by the universal feelings of mankind to be discharged by some one towards the dead,—a duty, and we may also say a right, to protect from violation, and a duty on the part of others to abstain from violation; and it may therefore be considered as a sort of quasi property, and it would be discreditable in any system of law not to provide a remedy in such a case.”
But we are not disposed to put the right of the plaintiff to maintain this action on the ground of a property right in the remains of liér husband, nor do we think that the discussion is properly placed when it is rested exclusively upon that proposition. Irrespective of any claim of property, the right which inhered in the plaintiff, as the decedent's widow, and in one sense his nearest relative, was a right to the possession of the body for the purpose of burying it; that is, to perform a duty which the law required some one to perform, and which it was her right, by reason of her relationship to the decedent, to perform. That right of possession is a clear legal right, and to use the language of Mr. Buggies in his valuable report, adopted by the court, in the Brick Church Case, 4 Bradf. (Sur.) 532, “The right to bury a corpse, and to preserve its remains, is a legal right, which the courts of law will recognize and protect.” The right is to the possession of the corpse in the same condition it was in when death surpervened. It is the right to what remains when the breath leaves the body, and not merely to such a hacked, hewed, aud mutilated corpse as some stranger—an offender against the criminal law — may choose to turn over to an afflicted relative. If this right exists, as we think it clearly does, the invasion or violation of it furnishes a ground for a civil action for damages. It is not a mere idle utterance, but a substantial legal principle, that wherever a real right is violated a real remedy is afforded by the law. A right to vote can in no sense be called a pure right of property; it is merely a personal right.; vet who would "not contend that a person obstructing a voter’s *194 right, or preventing his voting, would not be, irrespective or any statutory enactment, liable, even if the candidate of the choice'of the person thus obstructed was elected? Ashby v. White, 1 Smith, Lead. Cas. 264. Although the precise question involved-in this case has not been judicially passed upon, so far as we have been able to ascertain, in the courts of this state, yet it has been decided in favor of the maintenance of the action by the supreme court of Minnesota in the case of Larson v. Chase, supra. In the well-considered and well-reasoned opinion of the court in that case it was held that the right to the possession of a dead body for the purposes of preservation and burial is a legal right, — one which the law recognizes and protects—and that the violation of that- right by an unauthorized and unlawful mutilation of the corpse-before burial gives rise to an action for damages in favor of the surviving wife of the deceased. It is there also held that the rule of damages would allow a recovery for mental suffering and for injury to the feelings occasioned directly by the unlawful mutilation, and that although no actual pecuniary loss or damage was proven. It is not for ns, at this time, to express any opinion with respect to the measure of damages in a case of this kind; but we are satisfied that the action will lie, and will lie in favor of the widow, under the circumstances disclosed by this complaint.
The j udgment overruling the demurrer _ must be affirmed, with costs.
All concur.