(28 Misc. Rep. 261.)

BUCHANAN et al. v. BUCHANAN et al.

(Supreme Court, Trial Term, New York County. June, 1899.)

DEAD BODY—INTERMENT—REPLEVIN BY SURVIVING WIFE.
     While a widow is entitled to the custody of the remains of her deceased husband for the purpose of burial, she cannot maintain replevin for the body against one who has caused it to be properly interred.

Action of replevin by Mary P. Buchanan and another against James D. Buchanan and another. Dismissed.

Isaac N. Miller, for plaintiffs.
Ernest T. Hall, for defendants.

BISCHOFF, J.    Briefly stated, the action is to replevy a corpse, and, in effect, is instituted by the widow of the deceased against his brother, the party who caused the interment of his remains.    Presumably, the interment was decent and fitting, for it is not otherwise alleged; and the widow's grievance is, substantially, that the defendant's exercise of dominion over the corpse, for burial, was in hostility to her right to choose her husband's place of sepulture.    While it has been generally stated that there can be no right of property in a dead body, still it is recognized that there exists a personal right in husband, wife, or next of kin to have the custody of the remains of the deceased relative for purposes of burial; and it has been held that an action at law will lie for personal injury, where, before burial, that right has been invaded by mutilation of the corpse.    Foley v. Phelps, 1 App. Div. 555, 37 N. Y. Supp. 471.    In the case cited the widow was the plaintiff, and it was determined that she had an interest—not necessarily exclusive—which would support the action.    The legal right thus recognized is stated to arise from the duty (legal or moral, as the particular case may disclose) to perform the act of burial; and there may be said, therefore, to be a personal right to the custody of a corpse where the person asserting the right stands and remains under the duty of giving it burial.    But, assuming the original duty of burial, with the accompanying right in the widow, how may she maintain an action for replevin, founded upon a continuing right of possession, where the duty to bury has been undertaken and performed by somebody else?    Her right of custody, so far as there may be a personal right, exists while the corpse remains in her possession awaiting her timely exercise of a choice among places of burial, and the personal right depends upon a personal duty to bury the corpse; but when she has never had possession, and has not assumed the duty nor asserted her rights before the corpse is buried, where is the basis for declaring that she has a legal interest, even of the most fanciful description?    From my examination of the question, I take the true rule to be that no person has a legal right to the possession of a corpse because of relationship in the abstract, and that it is only where an arrested right, founded upon the duty of burial, has been violated before burial, that the person aggrieved may possibly maintain an action at law for the violation.    In every reported case where the remains of a deceased person have been the subject of successful dispute, for matters arising after burial, the questions have been addressed to the equitable jurisdiction of the court, and unquestionably a court of equity is the proper forum.    When decent burial has been had, the further disposal of the corpse must depend upon questions which have nothing to do with assumed personal rights of the surviving relatives.    The wishes of the deceased, as expressed in his lifetime, or implied from the circumstances of his life and death, and the natural feelings of mankind for propriety and decency, must be considered; and, so far as the wishes of the relatives are concerned, the matter involves no question of legal damage,

but has to be determined, through an exercise of sound discretion in each particular case, with regard to the sensibilities of the parties. I conclude that the action should be dismissed upon the pleadings, but the facts in evidence are instructive of the fallacy of the argument that any particular individual can have the best right to control the disposal of a corpse because of near relationship. Here the widow seeks some rule of law to approve her right as widow, merely, over the disposal of her husband's remains; and, if her standing as widow gave her the right, then her action would be maintainable, and the ultimate place of burial must needs be of her choosing. It appears, however, that the deceased did not live with her at the time of his death, nor had he for some nine years theretofore, and she had been in receipt of alimony from him pending an action instituted by her for a separation. There is no question that husband and wife were divided in life, and it was the expressed wish of the deceased that they be as fully divided in death; assuming the proof to be well received, in the face of the widow's further claim that evidence of the deceased's actual wishes was incompetent, under section 829 of the Code. The case of Foley v. Phelps, supra, proceeded upon the outraged feelings of a widow through the mutilation of her husband's corpse before burial, and when her right to its possession for burial had been asserted and recognized. If she was to have redress civilly, it must necessarily have been by action at law, since there was no case for equity under those circumstances. No authority for the maintenance of this action is afforded by that decision, and, as a matter of fact, the case cited did not even involve the question of the widow's legal right of possession, since no adverse right was asserted or to be inferred; but in the case at bar the right is at issue, having been disputed by the mere act of burial at the hands of the defendant Buchanan, and the question is one for equity, according to all precedent and all grounds of reason. Judgment for defendants upon the pleadings.