(29 Misc. Rep. 367.)

## In re RICHARDSON.

(Supreme Court, Special Term, Madison County.    October 24, 1899.)

1. DEAD BODIES—CONSENT TO PERMANENT BURIAL.
   Where a wife, at the time of her husband's death, was in feeble health, and became nearly frantic during the time which preceded the burial, she should not be regarded as consenting that the place of burial be permanent.

2. SAME—RIGHT TO SELECT PLACE OF INTERMENT.
   The husband or wife has the superior right to select for the other the place of interment, where the deceased has not expressed a preference.

3. SAME—EXPRESSIONS OF DECEASED.
   Expressions of a husband as to his place of interment, made to his wife during a period of nine years, should be given greater weight than similar expressions previously made to his father's family.

4. SAME—RIGHT OF WIDOW TO REMOVE HUSBAND'S REMAINS.
   Where a widow freely consents to the interment of her husband's body in a certain burying ground, she is estopped from removing it.

Application by Catherine E. Richardson for leave to remove the body of her husband, Claude E. Richardson, deceased. Granted.

E. W. Cushman, for petitioner.
C. W. Underhill, for Lamott Richardson and others.

FORBES, J. This is an application, made on the affidavits of Mrs. Richardson and others, for leave to remove the body of her husband from a cemetery located at Hamilton Center to a cemetery situate near the village of Hamilton. At the time of the death of Mr. Richardson, the petitioner and the deceased had lived together and kept house in the villages of Hamilton and Norwich for nine years. At the time of his death his wife was in extremely feeble health; so much so that the news of his death, which was accidental, was kept from her until the next day. The funeral took place four or five days after Mr. Richardson was killed. There are some violent contradictions in the affidavits which were used on this motion, but I think the circumstances of the case and the condition of the petitioner were such that it is not unreasonable to infer that the affidavits on the part of the petitioner probably state with greater accuracy what actually took place in reference to the

.burial. The affidavits of two of her attending physicians, and the circumstances of her state of health at this most trying period, render it quite probable that she did not then appreciate the gravity of the situation in reference to the disposition of her husband's body; and it is suggested in the moving affidavits that she was so far broken down in health, and, at the announcement of his death, so stricken with grief, that she was nearly frantic during the time which preceded her husband's burial, and while she attended the brief funeral services, and went to the grave, that whatever was said or done with reference to the burial of her husband was practically said and done by some one else. In this distressing and unfortunate state of affairs, I do not believe justice requires that she should be regarded as consenting that the place of burial should be a permanent one. It must be found, rather, that it was an emergency which she did not know how to meet, and one which she had no time or opportunity to consider in advance. Having purchased a plot of land in the cemetery at Hamilton, she now desires leave to remove the body of her husband from its place of interment to the new cemetery, Woodlawn, and there erect a monument to his memory. This is clearly her choice, since the monument is designed, not only for her husband, but also for herself at the time of her decease. It is undoubtedly the law of this state, Massachusetts, Michigan, and Minnesota—and, in my judgment, reflects the application of common sense to the domestic business affairs of life—that the husband or wife has the superior right to select for the other the place of interment for the dead of that union. This has been held arbitrarily to be the rule in all cases where the deceased has not expressed a preference, either by will or by oral declarations, selecting the place of interment, or expressing a wish that it should take place in a spot fixed upon and located by the individual. The question does not seem to have been much before the courts of this state, but it is quite clear that the trend of the decisions in this state is that way. Snyder v. Snyder, 60 How. Prac. 368; 55 Alb. Law J. 434; Mitchell v. Thorne, 57 Hun, 405, 10 N. Y. Supp. 682; Id., 134 N. Y. 536, 32 N. E. 10; Foley v. Phelps, 1 App. Div. 551, 37 N. Y. Supp. 471, s. c. 3 N. Y. Ann. Cas. 81, and note; Buchanan v. Buchanan, 28 Misc. Rep. 261, 59 N. Y. Supp. 810. There are many cases in point in other states, where the same doctrine is discussed, and the rule upheld. Durell v. Hayward, 9 Gray, 248; Meagher v. Driscoll, 99 Mass. 281; Weld v. Walker, 130 Mass. 422; Burney v. Children's Hospital, 169 Mass. 57, 47 N. E. 401; Larson v. Chase, 47 Minn. 307, 50 N. W. 238, s. c. 14 Lawy. Rep. Ann. 85, and note; Hackett v. Hackett, 18 R. I. 155, 26 Atl. 42, s. c. 49 Am. St. Rep. 762, and note.

The moving affidavits also show that the husband, prior to his death, made a promise to purchase a lot in Woodlawn Cemetery; that the question of his place of burial was talked over by him with his wife and with some of his associates, and that seems to be the place of interment which had been selected by him. The opposing affidavits also contain the declarations of the husband of his desire to be buried in the family burying ground at Hamilton Center, where his remains are now interred. But I think, from the fact that they

had been living apart from his father's family continuously for nine years, taking into account their undoubted affection for each other, in his later years it is not strange that he should have expressed to his wife the place where he desired both to finally rest. This seems to be the more natural and reasonably probable conclusion which he had deliberately reached. The circumstances are such, considering the prior and present place of residence of the wife, and the circumstances under which the declarations were made, that, if he had any wish on the subject, the wish was expressed substantially as it is shown in the moving affidavits, and at a later period than those disclosed by the opposing affidavits. Assuming, then, that he designated Woodlawn Cemetery, at Hamilton, as his place of burial, the courts have settled that question, and I am neither inclined to overrule the courts nor to disregard the deceased's wishes in the premises. Johnston v. Marinus, 18 Abb. N. C. 72, and note; Thompson v. Deeds, 93 Iowa, 228, 61 N. W. 842. Knowing all of these facts, if the wife freely and understandingly consented to his interment in the Richardson burying ground, where his body now lies, she would be estopped from removing it to the location now desired; but, under the circumstances of this case, I do not believe that at the time the petitioner had any settled conclusions about the burial of her husband, and, while she may have suffered it to take place at his present grave, I think equity requires that she should not be charged with waiving her rights of burial, nor with consenting, at that time, to a permanent resting place for her husband. A case in point will be found in Weld v. Walker, 130 Mass. 422. See, also, Hackett v. Hackett, 18 R. I. 155, 26 Atl. 42. I am forced, therefore, to hold that she did not consent, that her rights have not been waived, and that she may remove the body to another place of sepulchre. Hackett v. Hackett (R. I.) 49 Am. St. Rep. 762, and note (s. c. 26 Atl. 42).

The prayer of the petitioner to remove the body of Claude E. Richardson from Hamilton Center for the purposes of reinterment in Woodlawn Cemetery, near Hamilton village, N. Y., is granted, but without costs.