### WARD et al. v. SMITH et al.

(Supreme Court, Appellate Division, First Department.   June 10, 1904.)

1. PLEADING—DEFECT OF PARTIES—DEMURRER—FAILURE TO DEMUR—ANSWER—WAIVER.

Code Civ. Proc. § 488, subd. 6, makes a defect of parties ground for demurrer.   Section 498 provides that, where any of the matters enumerated in section 488 do not appear on the face of the complaint, the objection may be taken by answer.   Section 499 provides that, if an objection is not taken either by demurrer or answer, the defendant is deemed to have waived it.   *Held*, that a defect of parties appearing on the face of the complaint must be taken advantage of by demurrer, and is waived by an answer.

2. SAME—DEMURRER—IMPROPER JOINDER OF ACTIONS—WAIVER.

Code Civ. Proc. § 488, subd. 7, provides that the improper union of causes of action is ground for demurrer; section 498 provides that, where matters enumerated in section 488 do not appear on the face of the complaint, the objection may be taken by answer; and section 499 provides that a defect not objected to by answer or demurrer is waived.   *Held*, that the improper union of actions in a complaint, where it appears upon the face thereof, must be taken advantage of by demurrer, and it is waived by answer.

3. CORPORATIONS—STOCKHOLDERS' SUIT AGAINST DIRECTORS—DEFENSES—BAD FAITH—LEGAL REMEDIES.

Where the stockholders of a corporation sued the officers to compel them to account for their official conduct and for certain stock and securities

---

¶ 1. See Parties, vol. 37, Cent. Dig. §§ 37, 167.

which it was alleged they had obtained from the corporation without consideration, defendants were entitled to allege in defense that plaintiffs had received their stock without consideration from a defendant who consented to the issuance of the stocks and bonds, and that plaintiffs had not pursued their legal remedies.

Appeal from Trial Term, New York County.

Action by Joseph Ward, Jr., and another against William E. R. Smith and others. From a judgment overruling a demurrer to separate defenses, plaintiffs appeal. Modified.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Edward W. S. Johnston, for appellants.

Clarence J. Shearn, for respondents.

INGRAHAM, J. The action was brought by the plaintiffs, as holders of stock and bonds of the defendant the Fidelity Gas Company of Hoosick Falls, N. Y., to compel the defendants Smith, Case, and Fennessey to account for their official conduct as its officers and directors, and for certain of its stock and securities, which it is alleged they obtained from the corporation without consideration therefor, and for other relief. The defendants Smith and Case answered, admitting some of the allegations of the complaint and denying others, and set out four separate defenses, to which the plaintiffs demurred. The court sustained the demurrer to the second defense, which alleged that there was a defect of parties defendant, with the following proviso: "With leave to the defendants to demur to the complaint on the ground of such defect of parties defendant within twenty days after entry and service of the interlocutory judgment to be entered hereon," and overruled the demurrer to the other defenses; and from the interlocutory judgment entered thereon the defendants appeal.

We agree with the court below that the second defense was bad, and the demurrer was properly sustained. It was improper, however, upon the trial of an issue of law raised by a demurrer to a separate defense, to allow the defendant to demur to the complaint. The objection to the complaint taken by this defense was one that the defendants could raise by demurrer under subdivision 6 of section 488 of the Code of Civil Procedure. Whether or not there was a defect of parties appeared upon the face of the complaint, and therefore the objection could not be taken by answer, as such an objection can be so taken only where this ground of demurrer did not appear on the face of the complaint (section 498 of the Code of Civil Procedure); and, the objection appearing upon the face of the complaint, and not having been taken by demurrer, it was waived (Code, § 499). When the defendants interposed their answer, this objection to the complaint was waived, and could not be revived so long as the answer remained as a pleading in the action. A demurrer which was based only upon an objection that has been waived would present no question for review. It was clearly the intention by these provisions of the Code to compel a defendant who wished to insist upon an ob-

jection of this kind to have it disposed of before answering the complaint upon the merits, so that objections which were to a certain extent preliminary to the disposition of the main issue should not defeat the action unless they were taken as a preliminary step before the issues of fact were joined; and it would be quite illogical to allow a defendant to interpose a demurrer which raised a preliminary question as to parties to proceed at the same time with an answer to the complaint upon the merits. We do not think that this objection to the complaint is good, as we think that all of the necessary parties to the action were before the court; but, the defendants having failed to take the objection by demurrer, whatever objection there was to it was waived. This provision allowing a defendant to demur to the complaint should therefore be stricken from the interlocutory judgment.

We also think that the court should have sustained the demurrer to the third separate defense, which alleges that actions have been improperly united in the complaint. This ground of demurrer is allowed by subdivision 7 of section 488 of the Code of Civil Procedure; and where the objection appears upon the face of the complaint it must be taken by demurrer, or the objection is waived, and this objection was therefore waived by a failure of the defendants to take it by demurrer. But, so far as I can understand this complaint, it sets up but one cause of action, and that is to compel the defendants to account for certain alleged violations of their duty as officers of a corporation of which the plaintiffs are stockholders. The complaint is voluminous, alleging many facts which would seem to be immaterial, and without any definite idea of the nature of the cause of action sought to be enforced. The facts would not sustain an action by the plaintiffs, as creditors of the corporation, to obtain payment of their debts, as it is nowhere alleged that they have exhausted their remedy at law against the corporation; and all allegations in relation to the plaintiffs being creditors of the corporation would seem to be immaterial. The only cause of action alleged, which I can see, is one to require these defendants, as officers of the corporation, to account to the corporation for their acts as its officers and directors; and the plaintiffs' standing to maintain the action is based upon the fact that they are stockholders of the corporation, and as such they are entitled to maintain an action to enforce the obligations of the officers to the corporation, where the corporation either refuses to bring the action after a request by the plaintiffs, or where it is in control of the officers who are sought to be held liable, so that a request would be useless. The complaint alleges no fiduciary relation existing between the plaintiffs individually and these defendants, and no facts are alleged which would make the defendants liable to the plaintiffs for any fraud. A study of this complaint discloses no cause of action that I can see, except one to enforce this liability to the corporation; and, although there are many irrelevant allegations of fact which have nothing to do with such a cause of action, I cannot see that they, taken together, would give to these plaintiffs individually a right to any relief, except so far as they are entitled to enforce the defendants' obligations to the corporation.

As to the other defenses, I think the demurrer was properly overruled. The complaint asking for equitable relief, the defendants had a right to allege as a defense any facts which would tend to show a want of equity in the claim of the plaintiffs to require the defendants to account. The first separate defense alleges that the plaintiffs are not bona fide stockholders of the corporation; that the plaintiffs received the shares of stock held by them as a gift from the defendant Case, without any consideration therefor, and that Case had full knowledge of and consented to the issue of stock and bonds of the said company; and for that reason the plaintiffs have no legal capacity to prosecute this action. The defendants were entitled to have these facts considered by the court in determining whether or not the plaintiffs, as stockholders, had the right to enforce an equitable action which the person who had transferred the stock to them without consideration had no right to enforce. (See Parsons v. Hayes, 50 N. Y. Super. Ct. 29.) It is not necessary that we should determine that these facts would be a bar to any relief being granted to the plaintiffs, but it is sufficient that the defendants are entitled to present these facts to the court, where it has to determine what, if any, relief should be granted to the plaintiffs.

We also think that the defendants were entitled to allege the facts set out as a further separate defense for the same reason. Certain facts are there alleged which defendants claim are sufficient to justify the court in refusing to grant the plaintiffs any equitable relief. One of these allegations is "that the plaintiffs have not exhausted, or even attempted to pursue, their adequate remedies at law for the grievances and wrongs in their complaint alleged"; and this would be an answer to any right of the plaintiffs to compel the defendants to account to the plaintiffs individually for money or property of the corporation which the defendants have received, and which the plaintiffs claim should not have been applied to the payment of the coupons on the bonds held by them. While the facts alleged in these separate defenses may not be a sufficient defense to any relief being granted to the plaintiffs, they are facts that the defendants had a right to plead as an answer to the demand for equitable relief, and therefore were not demurrable.

It follows that the interlocutory judgment should be modified by striking out the clause allowing the defendants to demur to the complaint, and by sustaining the demurrer to the third separate defense, and overruling the demurrer to the first and fourth separate defenses, and, as thus modified, the interlocutory judgment should be affirmed, without costs. All concur.