### WARD et al. v. SMITH et al.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

TRIAL—STRIKING CAUSE FROM CALENDAR.
Where the time for service of replies had expired, and no stay or extension was obtained, the defendant was at liberty to notice the issues for trial and place the cause on the calendar; but, the issue and date of issue having been changed by service of replies pursuant to leave of the Appellate Division, the defendant's right to retain the case on the calendar or to move for trial pursuant to the original notice terminated, and the issues could then only be brought to trial on the service of a new notice, and the filing of a new note of issue.

Appeal from Special Term, New York County.

Action by Joseph Ward, Jr., and another, against William E. R. Smith and others. . From an order, as resettled, denying their motion to strike the cause from the calendar of the Special Term, the plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. W. S. Johnston, for appellants.
Charles J. Shearn, for respondents.

LAUGHLIN, J. After the service of the answers, the plaintiffs demurred to new matter contained therein. The issues of law were tried, and the demurrers were overruled, with leave to the plaintiffs to reply. The plaintiffs appealed from the interlocutory judgment,

but obtained no stay of proceedings or extension of time to serve replies, and the defendants noticed the issues of fact for trial and filed notes of issue for the May Special Term, 1904. The case appeared on the call calendar on the 20th of May, and, over objections on the part of the plaintiffs, was marked "Ready," but was not reached upon the day calendar until the 3d of October, 1904. In the meantime the Appellate Division had modified the interlocutory judgment (95 App. Div. 432, 88 N. Y. Supp. 700) and granted leave to the plaintiffs to reply. Pursuant to such leave, the plaintiffs served replies on the 20th day of June, 1904, and due service was admitted. The defendants served new notices of trial for the October term, but, according to an affidavit read by the plaintiffs on their motion to strike the cause from the calendar, did not file new notes of issue in accordance with their new notices of trial. On the 3d day of October, 1904, the case appeared upon the day calendar pursuant to the original note of issue; and the plaintiffs duly moved, on affidavits and notice previously served, and returnable that day, to strike it from the calendar upon the ground that the date of issue had been changed by the service of the replies, and that the new issues had not been properly noticed for trial.

The time of the plaintiffs to serve replies under the interlocutory judgment of the Special Term having expired, and they having obtained no stay or extension of time, the defendants were at liberty to notice the issues for trial, and place the case upon the May calendar, as they did; but, when the issues and the date of issue were changed by due service of the replies pursuant to leave of the Appellate Division, the right of the defendants to retain the case on the calendar, or to move for trial pursuant to their original notice of trial, terminated. The issues could then only be brought to trial upon the service of a new notice and the filing of a new note of issue. The plaintiffs waived no right by receiving the new notice of trial for the October term. That was properly served, and, had a note of issue been filed, the case could then have taken its place upon the Special Term calendar; but even in that event it could not have remained upon the day calendar, where it had been placed pursuant to the original notices of trial and notes of issue.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.