JOSEPH WARD, JR., and THOMAS HINDS, Appellants, *v.* WILLIAM E. R. SMITH and Others, Respondents.

*Calendar practice — notice of a case for trial pending an appeal from an interlocutory judgment overruling a demurrer to an answer — modification of the judgment on appeal giving a right to plaintiff to reply — after service of the reply a new note of issue must be filed, as well as a new notice of trial served — an acceptance of service of notice of trial is not a waiver of the objection that the case is not properly on the calendar.*

An interlocutory judgment, overruling demurrers interposed by the plaintiffs to new matter contained in the defendants' answers, granted the plaintiffs permission to serve replies. The plaintiffs appealed from the interlocutory judgment, but obtained no stay of proceedings or any extension of time to serve

replies.   After the expiration of the time to serve replies allowed by the inter-
locutory judgment, and pending the appeal therefrom, the defendants filed notes
of issue and noticed the case for trial.   While the case was awaiting trial the
Appellate Division modified the interlocutory judgment and granted the plain-
tiffs leave to reply.   After the service of the replies the defendants served new
notices of trial, but did not file new notes of issue in accordance therewith.

*Held*, the case having appeared upon the day calendar pursuant to the original
note of issue, that the plaintiffs were entitled to have it stricken therefrom;

That, during the pendency of the appeal, the defendants were at liberty to notice
the issues for trial and to place the case on the calendar;

That when the issues and the date of issue were changed by the service of the
replies, pursuant to leave of the Appellate Division, the right of the defendants
to retain the case on the calendar or to move for trial pursuant to their original
notice of trial terminated;

That the issues could then only be brought to trial upon the service of a new
notice and the filing of a new note of issue;

That the plaintiffs, by receiving the new notice of trial, did not waive their right
to object that the case was not properly on the calendar because of the failure
to file a new note of issue.

Appeal by the plaintiffs, Joseph Ward, Jr., and another, from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 17th day of October, 1904, as resettled by an order
entered in said clerk's office on the 16th day of December, 1904,
denying the plaintiffs' motion to strike the cause from the calendar
of the Special Term.

*Edward W. S. Johnston*, for the appellants.

*Clarence J. Shearn*, for the respondents.

Laughlin, J.:

After the service of the answers the plaintiffs demurred to new
matter contained therein.   The issues of law were tried and the
demurrers were overruled, with leave to the plaintiffs to reply.
The plaintiffs appealed from the interlocutory judgment, but
obtained no stay of proceedings, or extension of time to serve
replies, and the defendants noticed the issues of fact for trial and
filed notes of issue for the May Special Term, 1904.   The case
appeared on the call calendar on the twentieth of May, and, over
objections on the part of the plaintiffs, was marked "Ready," but
was not reached upon the day calendar until the 3d of October,

1904. In the meantime the Appellate Division had modified the interlocutory judgment (95 App. Div. 432) and granted leave to the plaintiffs to reply. Pursuant to such leave, the plaintiffs served replies on the 20th day of June, 1904, and due service was admitted. The defendants served new notices of trial for the October term; but, according to an affidavit read by the plaintiffs on their motion to strike the cause from the calendar, did not file new notes of issue in accordance with their new notices of trial. On the 3d day of October, 1904, the case appeared upon the day calendar pursuant to the original note of issue; and the plaintiffs duly moved on affidavits and notice previously served and returnable that day to strike it from the calendar upon the ground that the date of issue had been changed by the service of the replies, and that the new issues had not been properly noticed for trial.

The time of the plaintiffs to serve replies under the interlocutory judgment of the Special Term having expired, and they having obtained no stay or extension of time, the defendants were at liberty to notice the issues for trial, and place the case upon the May calendar as they did; but when the issues and the date of issue were changed by due service of the replies pursuant to leave of the Appellate Division the right of the defendants to retain the case on the calendar or to move it for trial pursuant to their original notice of trial terminated. The issues could then only be brought to trial upon the service of a new notice and the filing of a new note of issue. The plaintiffs waived no right by receiving the new notice of trial for the October term. That was properly served, and had a note of issue been filed the case could then have taken its place upon the Special Term calendar; but even in that event it could not have remained upon the day calendar, where it had been placed pursuant to the original notices of trial and notes of issue.

It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Van Brunt, P. J., Patterson, Ingraham and McLaughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.