(109 App. Div. 556)

## JACKSON v. SAVAGE et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. DEAD BODIES—MUTILATION—ACTION BY SURVIVING HUSBAND.

A husband has a right of action for the dissection of the body of his deceased wife without his permission, or without the permission of the wife given during her lifetime.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Dead Bodies, § 13.]

2. SAME—COMPLAINT.

A complaint which alleges that defendant, without the permission of plaintiff or any relative or friend of his deceased wife, or without her permission given during her lifetime, dissected her body and removed portions thereof, and that in consequence thereof plaintiff suffered in mind and body, states a cause of action as against a demurrer.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Dead Bodies, § 13.]

3. SAME—ANSWER.

An answer, in an action for the unlawful dissection of the body of a decedent, which alleges that defendant at the request of the decedent operated on her, and that she subsequently died, states no defense.

4. PLEADING—ANSWER—INSUFFICIENCY.

An answer which alleges that the allegations of the complaint state no cause of action against defendant is bad, either under Code Civ. Proc. § 500, providing that an answer must contain a denial of the allegations of the complaint, etc., or a statement of new matter constituting a defense, or under section 498, declaring that, when any of the matters enumerated in section 488 as grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer.

5. SAME—COMPLAINT—INSUFFICIENCY—WAIVER OF OBJECTIONS.

Under the express provisions of Code Civ. Proc. § 499, a defendant who makes no objection to a complaint, either by demurrer or answer, does not waive the objection that the complaint does not state facts sufficient to constitute a cause of action, but he may on the trial move for a dismissal on that ground.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 1366.]

Appeal from Special Term, New York County.

Action by Russell Jackson against Charles C. Savage and others. From an interlocutory judgment overruling a demurrer to two separate defenses in the answer, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

Sydney W. Stern, for appellant.
Charles S. Martin, for respondents.

CLARKE, J. Appeal from an interlocutory judgment overruling a demurrer interposed to separate defenses in the answer. The complaint alleges that the defendants are the officers, directors, and trustees of the Roosevelt Hospital, a domestic corporation; that on or about the 5th day of December, 1903, Ella Jackson, the wife of this plaintiff, suffering at the time, as plaintiff is informed and believes, from pneumonia, was removed by this plaintiff to the Roosevelt Hospital for treatment of her sickness and remained there until the

date of her death, December 19, 1903; that on the same day plaintiff had the body of the deceased wife removed from said hospital by an undertaker for the purposes of burial, on information and belief; that after the death of said Ella Jackson, and before the removal of her remains, these defendants, their agents, or employés, without the permission of this plaintiff or without the permission of any relation or friend of said Ella Jackson or without her permission before her death, mutilated and dissected her body, or caused her body to be mutilated and dissected, in such a manner that the muscles of her arms and other parts of her body were removed, and that her stomach was removed, and that portions of the flesh of her body were removed; that the plaintiff had always lived in happiness with his wife; that the acts on the part of the defendants, their agents, or employés complained of, caused this plaintiff great suffering in mind and body, was a great shock to him, and deprived him of his natural right to inter the body of his deceased wife in as perfect a condition as her sickness and the due course of nature that led to her death would permit, and greatly outraged his religious feeling in respect to the mutilation of the corpse of his deceased wife, to his damage in the sum of $25,000, for which he demanded judgment. The defendants in their answer admitted the incorporation of the hospital and that they were the officers and trustees thereof, and alleged "that they have no knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the complaint, wherefore they deny the same and each of them." The answer proceeds:

"Fourthly. And for a further and separate defense these defendants state and show on information and belief that a person named Ella Jackson was brought to the said the 'Roosevelt Hospital,' suffering from a fibroid tumor, on or about the 8th day of December, 1903, and at her own request was operated upon, and died at said hospital on or about the 12th day of December, 1903."

To this separate defense the plaintiff demurred upon the ground that it is insufficient in law upon the face thereof.

The defendants claim that by demurring to the answer the sufficiency of the complaint is to be inquired into. By section 309 of the Penal Code the unauthorized dissection of the body of a human being is a misdemeanor. Foley v. Phelps, 1 App. Div. 551, 37 N. Y. Supp. 471, is a direct authority upholding the right of action here set forth and for the sufficiency of the complaint. The defense demurred to is bad. It does not meet the allegations of the complaint. Waiving the question of identity, the gravamen of the complaint is the unauthorized dissection of a body after death. The plaintiff must establish that essential fact. Having established it, it would be no answer to prove a prior operation during life. If, as proof of dissection after death, he should introduce proof as to the condition of the body when received by him, it would be entirely competent to prove that the said condition was the result of an operation, and not of dissection. No averments in the answer would be required for the admission of such evidence. It would go to the destruction of the plaintiff's case, but in no sense would it be a defense of the cause of action set forth.

The answer further sets up:

"Fifthly. And for a further separate defense these defendants state and show that the allegations contained in said complaint do not constitute a cause of action against these defendants or any of them, wherefore these defendants and each of them demand that the said complaint be dismissed, with costs."

To this defense the plaintiff demurred upon the same ground. Section 500 of the Code provides that the answer must contain:

"(1) A general or specific denial of each material allegation of the complaint controverted by the defendant or of any knowledge or information thereof sufficient to form a belief. (2) A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition."

This is neither a general nor a specific denial of any of the allegations of the complaint, nor is it the statement of any new matter constituting a defense, nor a counterclaim. Nor does it come within section 498:

"When any of the matters enumerated in section 488 of this act as grounds of demurrer do not appear upon the face of the complaint, the objection may be taken by answer."

For this allegation is upon the face of the complaint and asserts in effect that, admitting the allegations thereof all to be true, they do not constitute a cause of action. This is a demurrer and has no place in an answer. It was not proper to plead it in the answer. Ward v. Smith, 95 App. Div. 432, 88 N. Y. Supp. 700. By the express provisions of section 499, the defendants would not have waived the objection as to the sufficiency of the complaint by not demurring on that ground or by failing to set it up in the answer. Upon the trial, without pleading, the defendants would be entitled to move for a dismissal upon this precise ground. Therefore the demurrer to each of the alleged separate defenses should have been sustained.

The interlocutory judgment is reversed, with costs, and the demurrer sustained, with costs, with leave to the defendants to serve an amended answer within 20 days upon payment of costs in this court and in the court below. All concur.