MARY L. BIRCH, Plaintiff, *v.* CHARLES E. BIRCH, Individually and as Executor of the Last Will and Testament of JOHN BIRCH, Deceased, and CHARLES H. DEWSNAP, as Superintendent of the White Plains Rural Cemetery, Defendants.

Supreme Court, Westchester Special Term, May, 1924.

Injunctions — motion for injunction pendente lite to restrain defendants from interfering with plaintiff's right as widow to select and erect suitable monument on deceased husband's plot — right of possess'on of body, burial and erection of monument belongs to surviving husband, wife or next of kin in absence of testamentary directions — no direction in will as to disposition of body or erection of monument — motion for injunction granted.

In the absence of testamentary direction on the part of the deceased, the right to the possession of the dead body, for the purpose of preservation and burial, belongs to the surviving husband, wife or next of kin, as does the right of placing over the grave a proper monument or memorial.

Accordingly, plaintiff's motion for an injunction *pendente lite* in an action to enjoin the defendants from interfering with her right as the widow to erect a suitable monument on the plot of her deceased husband without interference

or choice of the executor will be granted where it appears that the decedent's will contained no direction as to the disposition of the body or place of burial or the erection of a monument.

MOTION by plaintiff for injunction *pendente lite* to restrain defendants from interfering with petitioner's right to select a monument on grave of deceased.

*Condit & Hite*, for the plaintiff.

*Henry C. Henderson*, for the defendants.

MORSCHAUSER, J. The plaintiff is the widow of John Birch, deceased. His body is buried in the family plot in the White Plains Rural Cemetery. The defendant Charles Birch is the sole executor under the last will and testament of the deceased and is acting as such.

There is a dispute between the widow and the executor as to her exclusive right to select the kind of monument to be erected on the grave of the deceased with inscription thereon.

The plaintiff brings this action and seeks to enjoin the defendants from interfering with her right as the widow to erect a suitable monument on said plot without any interference or choice of the executor and in the meantime she asks for an order of this court restraining the defendants from interfering with her right to select and erect a suitable monument to the memory of the deceased with inscription thereon.

By the will of deceased there is no direction as to the disposition of the body or place of burial or the erection of a monument.

In the absence of a testamentary direction on the part of the deceased, the right to the possession of the dead body for the purpose of preservation and burial belongs to the surviving husband or wife or next of kin. The rule is subject to modification, depending upon the peculiar circumstances in each case. *Darcy* v. *Presbyterian Hospital*, 202 N. Y. 259; *Mitchell* v. *Thorne*, 134 id. 536; *Durell* v. *Hayward*, 9 Gray (Mass.), 248; *Foley* v. *Phelps*, 1 App. Div. 551; *Weld* v. *Walker*, 130 Mass. 423; *Larson* v. *Chase*, 47 Minn. 307; *Stiles* v. *Stiles*, 113 Misc. Rep. 576.

This right of possession and burial carries with it the right of placing over the grave a proper monument or memorial. *Matter of Richardson*, 29 Misc. Rep. 367–369.

In the *Durell Case, supra*, the husband buried the deceased wife. Her mother erected a monument on her grave. The husband removed it and the mother began an action for trespass. Bigelow, J. (at p. 249), says: " The plaintiff had no right to erect a stone at the grave of the defendant's wife without his knowledge or consent. The indisputable and paramount right, as well as duty,

of a husband to dispose of the body of his deceased wife by a decent sepulture in a suitable place, carries with it the right of placing over the spot of burial a proper monument or memorial in accordance with the well-known and long-established usage of the community. The defendant had, therefore, a right to remove the stone which the plaintiff had placed over the grave of his wife, in order to put in its stead the one procured by himself; * * *."

In *Thompson* v. *Deeds*, 93 Iowa, 228; 35 L. R. A. 56, it was held that a widow is entitled to erect a suitable monument with proper inscriptions thereon for her deceased husband, even on a cemetery lot belonging to his daughter by a former marriage where he was buried by his wish and consent of all parties.

In *McGann* v. *McGann*, 28 R. I. 130, it was held that the primary right to control the burial of a husband is with the widow who, as the administratrix, having obtained permission to expend the money of the estate for erecting a monument, has the right to erect such monument as she chooses with such inscription thereon as she may deem appropriate, subject to the rules of the cemetery and the right of the lot owners and such reasonable control as a court of equity should exercise to prevent infraction of the recognized rules of property.

The motion for injunction during the pendency of the action is granted.

Ordered accordingly.