Shientag, J.
(dissenting). Margaret Currier, deceased, who was the mother of petitioner, purchased a lot in Woodlawn Cemetery on May 9, 1923, containing about 220 square feet. Two months later, on July 10, 1923, she purchased a much larger lot, containing about 1,500 square feet, on which she caused to be erected a mausoleum containing eight catacombs. Mrs. Currier died January 30, 1927, and her family had her interred in the said mausoleum. She had a *934 son and two daughters, who obviously consented to the interment twenty-two years ago. In the other lot petitioner’s father-in-law and a close friend of deceased were buried.
Petitioner brings this proceeding for a court order permitting the transfer of Mrs. Currier’s body to the small plot. He alleges that it was the intention of his mother that he and his two sisters or their heirs should be interred with her in the mausoleum and that it was her wish that the family be buried together. He states that his sisters no longer wish to be buried in Woodlawn but have married and live in Missouri and have made their own arrangements for burial. He states that he and his wife do not wish to be interred in the mausoleum but prefer to be buried in the ground, and that they therefore want to move Mrs. Currier’s body to the small plot above referred to.
The statute under which this proceeding is brought (Membership Corporation Law, § 89) provides that disinterments may be made on the written consent of the owners of the lot, the surviving wife or husband, children of full age, parents of the deceased, and the approval of the cemetery corporation. If such consent and approval cannot be obtained, the statute provides that an application for disinterment may be made to the court. Notice of this application is required to be given, among others, to the cemetery or the persons not consenting. This clearly shows that the cemetery is a necessary party and has an interest sufficient to enable it to oppose the application (Matter of Harlam, 57 N. Y. S. 2d 103).
Section 89 dealing with disinterments has never been construed as setting up merely a routine procedure. The criterion under which disinterments are permitted was carefully stated in Matter of Ackermann (124 App. Div. 684) where the court said: “ Many circumstances arise from time to time necessitating a disturbance of the repose of the dead, but it must be some controlling public reason or superior private right which should induce the court to permit that to be done which from time immemorial has been considered abstractly as a work of desecration.”
Section 2210 of the Penal Law specifically provides that a person has a right to direct the manner in which his body shall be disposed of after his death. Many cases have carried out the express wishes of the deceased in this regard when contained in a will or other writing (Matter of Eichner, 173 Misc. 644; Matter of Johnson, 169 Misc. 215; Matter of Smith v. Green-Wood Cemetery, 173 Misc. 215).
There is no doubt that Mrs. Currier was interred in the place of her own selection, and the only question which arises is whether any superior private right exists which should induce us to permit the thwarting of what undoubtedly was Mrs. Currier’s wish twenty-two years ago. We are told that she wished that her family would be interred with her but that this has become impossible as to two of her children, and that as to the third, the petitioner, he objects to being interred in a mausoleum but prefers the ground. There is plenty of space in the lot on which the mausoleum stands for the interment of petitioner and his wife in the ground in close proximity to the body of his mother in the mausoleum. But this is not enough for petitioner who insists that Mrs. Currier be transferred to the small plot on petitioner’s statement that when he dies he will be buried there too. Since the two sisters have changed their minds, there is nothing to give assurance that petitioner also will ever be buried in this small plot, and if that should happen Mrs. Currier’s wishes would have been completely thwarted. This consideration alone is enough to make proper, in the exercise of discretion, the denial of this petition.
*935 There is a further aspect to this case, however, which we should not disregard. The removal of Mrs. Currier’s body from this mausoleum will leave this large plot and structure empty and available for sale. The moving papers give no hint of the proposed disposition of this asset of the estate, which must have considerable value, but the fact remains that there will be no use for it and it undoubtedly will have to be sold for the benefit of the estate.
Reasons of financial convenience were properly held to be insufficient to justify the abandonment of a mausoleum in the decision in Matter of Hilliard (N. Y. L. J., Sept. 19, 1944, p. 541, col. 5); and other cases have been decided to the same effect. As Judge Cardozo said in Yome v. Gorman (242 N. Y. 395, 402): “ The wishes of wife and next of kin are not always supreme and final though the body is yet unburied (Pettigrew v. Pettigrew, 207 Penn. St. 313, 319). Still less are they supreme and final when the body has been laid at rest, and the aid of equity is invoked to disturb the quiet of the grave ”.
There is a further principle of law to be applied in this case. Where one has a prior right to determine the place of interment and knowingly fails to exercise it, or where an interment takes place with the consent, express or implied, of those most nearly interested, the interment, in the absence of most compelling circumstances, is regarded in law as final. Unqualified consent to a place of interment operates, as a general rule, as a waiver of the right to disinter (Matter of Weinstein, 243 App. Div. 738; Stiles v. Stiles, 113 Misc. 576, 580; Jackson, Law of Cadavers, p. 106). In a case where the interment was made with the willing consent of all interested parties, and with the understanding that the place of burial should be the final sepulchre, a disinterment and removal of the remains should not be decreed except upon the presentation of strong and convincing evidence showing that it would be unreasonable to refuse to make such a decree (Lavigne v. Wilkinson, 80 N. H. 221; see, also, Smith v. Shepherd, 64 N. J. Eq. 401; Weld v. Walker, 130 Mass. 422; Matter of Richardson, 29 Misc. 367, 370).
The fact that petitioner and his sisters interred the body of their mother in her own mausoleum, paid for presumably with her own money and constructed at her own direction, and that they acquiesced for twenty-two years in carrying out what must have been her desire to be buried in that mausoleum and nowhere else, is sufficient to require the denial of any right to remove her remains at this time for reasons which must be basically a desire for financial gain.
We find nothing in the record before us to indicate that the respondent cemetery, in performing its statutory duty, was actuated by any consideration other than that of safeguarding the clear intention of the decedent. The order should be reversed and the motion denied.
Peck, P. J., Dore and Van Yoorhis, JJ., concur in decision; Shientag, J., dissents and votes to reverse and deny the motion, in opinion in which Callahan, J., concurs.
Order affirmed, with $20 costs and disbursements to the petitioner-respondent. No opinion.