Lafayette W. Abgetsinger,
Jr., S. Carmela T. Clark died testate on January 31, 1956, leaving her surviving, Edward J. Clark, her husband. Her will named Dominick M. Tallarida, her brother, as executor thereof and made no provision for her husband. The will was admitted to probate on March 8, 1956, and letters testamentary were issued to the said Dominick M. Tallarida, whereupon the surviving spouse, Edward J. Clark, filed a notice of election to take his intestate share, which election was duly filed in the Surrogate’s office on March 8,1956.
On May 29,1956, a petition was filed for an order temporarily enjoining Dominick M. Tallarida, as executor of the estate of said Carmela T. Clark deceased, from acting as such with respect to the erection of any marker or monument over the grave of said decedent and for an order to show cause why said injunction should not be made permament, and such order was issued and filed on the same day.
At a hearing on June 7,1956, arguments were made by counsel on both sides and briefs were then and later presented and filed. Decision was reserved for the purpose of giving the parties an opportunity to make an effort to resolve their differences in respect thereto. At a further hearing on November 27, 1956, the court was advised that the parties were unable to arrive at an agreement.
It is alleged in the brief for the executor that, at his request, a marker had already been prepared at the expense of $250 and that a foundation had been placed at the grave by George E. Hoare & Son, Inc., and that the surviving spouse, Edward J. Clark, had smashed the foundation. No proof of such conduct was submitted and the court finds that the foundation was not rendered unusable.
The surviving spouse, Edward J. Clark, claims that he desires to erect a marker of his own choice and would particularly like to erect a double marker which would include all the necessary engraving for himself except the date of death, which would be included thereon after its occurrence. There was no proof submitted that he owns or has permission to be buried in an adjoining lot. However, the court finds that this is not material to the question as to his right, as surviving spouse, to erect a marker of his own choosing over his wife’s grave, although it may have a bearing on his good faith and intent to erect a proper marker if granted that right.
It is well established that, in the absence of testamentary direction to the contrary, the surviving spouse has the right to possession and burial of the body which carries with it the right *261 of placing over the grave a proper marker or monument (Matter of Richardson, 29 Misc 367; Matter of Billman, 143 Misc 765; Birch v. Birch, 123 Misc 229, affd. 209 App. Div. 892). There is no evidence that the surviving spouse, Edward J. Clark, waived this right. However, this rule is subject to modification, depending upon the peculiar circumstances in each case. (Birch v. Birch, supra, and cases cited therein.)
The first paragraph of the will directs ‘1 that all my just debts and funeral expenses be paid ”. Subdivision 3 of section 314 of the Surrogate’s Court Act, defines “funeral expenses” as follows: ‘ ‘ the expression ‘ funeral expenses ’ includes suitable church or other services, a burial lot and suitable monumental work erected thereon, and a reasonable charge or expenditure for the perpetual care of the decedent’s burial lot ”. The will appoints decedent’s brother, Dominick M. Tallarida, as sole executor to carry out the provisions of said will.
While the testatrix made no specific direction in her will that the choice of a marker or disposition of her body should rest with the executor, there are certain circumstances in this case which indicate that the testatrix intended that her burial and the choice of marker, et cetera, would be arranged by her brother, whom she appointed executor of her last will and testament. She even left him a parcel of real estate and definitely cut off her husband from her will and his name is not mentioned therein. There is the further circumstance that the testatrix and her husband were separated at one time although they had become reconciled before her death.
Attorney Liston F. Coon, on behalf of Edward J. Clark, the surviving spouse, in a letter dated November 29, 1956, a copy of which was furnished counsel for the executor, and which has been made a part of the record in this case, states 11 There is not an inscription on the marker, 1 Carmela T. Clark ’, but an inscription ‘ Carmela Tallarida Clark ’. It is my belief that the word ‘ Tallarida ’ is the most objectionable part of the monument as far as the husband is concerned ’ ’. It is difficult to avoid the conclusion from all these circumstances that there was a feud between the Tallarida family and Edward J. Clark, the surviving spouse herein.
The court has examined the marker and considers it to be very excellent and reasonably priced. There is a small portrait of the decedent embodied in the marker above the engraving.
It is the opinion of the court, that, in view of the circumstances above related, the cost of the marker ordered by the executor is reasonable and a proper charge against the estate.
*262 It is also the opinion of the court, in view of the court decisions hereinabove cited, and more particularly the decision in the case of Birch v. Birch (supra) and the cases cited therein, that the surviving spouse does have the right to erect a marker of his own choice at his own expense on the grave of the deceased.
Accordingly, it is the decision of the court that the executor be allowed to install the marker previously referred to herein on the grave of the deceased, the cost thereof to be paid by the estate, with the right to the surviving husband, Edward J. Clark, to have the same removed by George E. Hoare & Son, Inc., without injury, said marker to become an asset of the estate for whatever salvage it may be worth, if and when said Edward J. Clark erects in its place a suitable marker of his own choice at his own expense, said marker to be erected by said Edward J. Clark on or before June 1,1957.
Let an order issue accordingly.