EMMA P. FRENCH v. SARAH T. FRENCH, Appellant.

1  **Consideration for a Note:** LIABILITY OF ADMINISTRATOR DE SON TORT. Where one seizes the property of a decedent without administration, a note given by him as renewal of one owing by the decedent, is on good consideration. *Paxson v. Nields*, 20 Atl. Rep. 1016, approved and distinguished.

2  **Transaction with Decedent:** EVIDENCE. Plaintiff's testimony that she at all times owned said renewal note is not the statement of a personal transaction with decedent.

*Appeal from Mitchell District Court.*—HON. J. C. SHERWIN, Judge.

FRIDAY, MAY 18, 1894.

THIS case was in this court on appeal before, and is reported in 84 Iowa, at page 655, 51 N. W. Rep. 145. The facts are there stated, and, as the cause was retried on the same issues, it is not important that we should restate them here. It is sufficient to say that the action is upon a promissory note, with a defense of want of consideration. At the close of the testimony, the court directed a verdict for the plaintiff, and from a judgment thereon the defendant appealed.—*Affirmed.*

*Eaton & Clyde* for appellant.

*J. M. Moody* for appellee.

GRANGER, C. J.—I.  Some facts which are conceded or established conclusively, will, if stated at the outset, be of great advantage in the consideration of the case, and they are, that a note for three hundred and twenty-one dollars was executed by defendant's husband, J. W. French, to Seth P. French, the husband of the plaintiff; that the note was in fact the property of the plaintiff; that J. W. French died, leaving an estate,

and no administration of his estate was had, and the defendant, as his widow, took possession of the property of the estate, and has either disposed of or retains the same; that the note in suit was presented to her, because of her acts in assuming charge of the property of the estate, and that she, because of having taken charge of the estate, in renewal of the three hundred and twenty-one dollar note, executed the note in suit; that the note in suit was, when made, the property of plaintiff, and has been since that time. The facts as to the actual ownership of the notes were somewhat in dispute on the former trial, particularly that of the three hundred and twenty-one dollar note, which formed the consideration for the note in suit. On this trial there is no such conflict. The only conflict claimed is that Seth P. French was named in the notes as payee. But the evidence in the case, undisputed, so conclusively overcomes the inference arising from that fact that a finding that Seth owned either note could not be permitted to stand. It was therefore proper for the court to treat the fact of ownership as established in favor of plaintiff. The important question in the case is, in view of these facts, is there a want of consideration for the note in suit? The burden is with defendant to show this fact, and unless there is evidence of such fact, so as to present a substantial conflict, the action of the court in directing a verdict must be sustained. By virtue of the three hundred and twenty-one dollar note the plaintiff was a creditor of the estate of J. W. French. J. W. French could not, by any directions as to the disposition of the property of his estate, affect her rights. Defendant was bound to know that fact, and when she assumed to act in the settlement of his estate, in a manner not authorized by law, she assumed a personal liability, to the extent of the value of the property taken by her. Code, section 2484; *Elder v. Littler*, 15 Iowa,

65. But a single inference is deducible from the giving of the note in suit, and that is, that she did it because of her liability arising from having taken possession of the property of the estate. As we view the case, under the record, she was as liable for the payment of the three hundred and twenty-one dollar note, under proper averments, as she is on the note in suit, and the note in suit was given in pursuance of that obligation. The three hundred and twenty-one dollar note imported a consideration (Code, section 2113), and that consideration extended to the note in suit, under the conceded facts as to her being an administratrix in her own wrong. We are referred by appellant to *Paxson v. Nields*, 20 Atl. Rep. (Pa. Sup.) 1016. In that case the administration was regular and the estate insolvent. The creditor took his proportion of the dividend; that exhausted the estate; and then the executrix gave her note for the balance of the debt, which was held to be without consideration, and rightfully so. But the distinction between the cases is very manifest. This was not an insolvent estate, nor was the debt assumed in excess of the liability prescribed by the statute,—the value of the property taken. Appellant discusses the rule as to a novation, and quotes that "the previous obligation, of which novation is sought, must be a valid one." We hold the one in this case to have been valid, under the undisputed facts. Not only does the original note import a consideration, but the evidence, without conflict, shows that it was furnished by the plaintiff. On the former trial the evidence tended to show that Seth P. French furnished some part of the consideration, but not so on this trial. Under the facts there was no error in directing a verdict for the plaintiff. As we read the record, there is no evidence whatever on which the question of fraud could have been presented to the jury.

II. The plaintiff was permitted, against the objections of the defendant, to state in evidence that she claimed to be the owner of the note in suit from the time it was signed, to the time of the trial. The testimony did not relate to a personal transaction or communication with J. W. French, but if to any, to a transaction with defendant, and was to rebut the effect of the name of her husband being in the note as payee. The judgment is AFFIRMED.