AMANDA M. THOMPSON, Appellant, v. JULIA A. DEEDS.

**Interment:** RIGHTS OF WIDOW AND DAUGHTER. A father was according to his wish, buried with his first wife and his daughter's husband, in a lot belonging to the daughter. The widow of the father, a second wife, desired to erect a monument to him upon said lot and to cope it, and upon being denied permission, threatened to remove the body. *Held,* such removal should be enjoined; the widow has the right to erect the monument with due regard to plaintiff's right to use the remainder of the lot, but the monument is to contain no reference to the daughter or the daughter's husband; the building of the coping is forbidden; all kin of deceased is given the right to decorate his grave with flowers without interference with each other.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

WEDNESDAY, JANUARY 16, 1895.

Action in equity to restrain the defendant from removing the body of one Philip Deeds, and to quiet plaintiff's title to a burial lot.

Philip Deeds was first married in 1837, and lived with his wife until her death, in 1862. At her death, and by the consent of all parties, she was interred in the lot now claimed to be owned by plaintiff, and which is in the cemetery at Lyons, Iowa. Her remains still rest in said place. He was married to the defendant in 1864, and lived with her until his death, in 1890, when, with the assent of both parties hereto, his remains were interred beside those of his first wife. Plaintiff is the daughter of Philip Deeds, and defendant is the widow of said Deeds. In 1861 or 1862, as appears to have been supposed by his last wife, he acquired a title to the lot in which he was afterwards buried; but it seems, for

some reason, not fully disclosed, the title to said lot was taken in the name of one Rockafellow, the first husband of plaintiff, and that Rockafellow was dead at the time the deed was executed. The evidence, if it be treated as competent, shows that plaintiff paid for the lot. Before Philip Deeds' first wife was buried in this lot, Rockafellow had been buried therein. The next year, Deeds' first wife was interred in the lot, and in 1890 Deeds himself was interred therein. It appears that the lot in question is forty-three feet long. Its width does not appear. It seems that defendant, out of her own means, had bought a monument, at an expense of $1,200, which she proposed having erected upon said lot, in memory of her deceased husband and others then buried therein. She also had bought stone coping for the lot, at an expense of some five hundred dollars. Plaintiff was not willing that the monument and coping should be erected upon said lot, and claimed to be the owner of the lot, whereupon it is claimed that defendant threatened to remove the remains of her husband to another lot, unless their differences were adjusted. Plaintiff then brought this action to have her title to the lot quieted, and asking the issuance of an injunction to restrain defendant from removing the remains of Philip Deeds from said lot. A writ issued accordingly. The court below adjudged plaintiff to be the owner of the lot, but dismissed her bill in all other respects, rendered a judgment against her for costs. and decreed that defendant have the right to remove the body of her late husband, and inter the same in another lot in the same cemetery, and that plaintiff and all other kindred of said deceased should have the right to visit and care for the grave of deceased, the same as the defendant, and for that purpose may enter upon the lot in which said body may be reinterred, at all proper times. Plaintiff appeals.—*Reversed.*

*Hayes & Schuyler* for appellant.

*L. A. Ellis, W. C. Grohe,* and *F. W. Ellis* for appellee.

Kinne, J.—I. The fact that the plaintiff holds the legal title to the lot wherein rest the remains of her dead father is not, to our minds, of controlling importance, in determining as to the right of the defendant to remove his remains. If the title was held by a stranger, there might be reason for removing the remains of the deceased to a lot, the title to which was in some member of his family. Especially so if he was buried in a lot under the mistaken belief that he or some member of his family owned it, when in fact it belonged to some one else. As it is, the owner of the lot being his daughter, we do not see that there is any reason for disturbing his remains. He knew who held the title to this lot, and more than once, during his lifetime, expressed a wish that when he died he might be interred therein, beside the remains of his first wife. This wish was properly carried out by his last wife, and that ought to end the matter. A proper appreciation of the duty we owe to the dead, and a due regard for the feelings of their friends who survive, and the promotion of the public health and welfare, all require that the bodies of the dead should not be exhumed, except under circumstances of extreme exigency. No emergency exists in this case.

For some reason,—it matters not what,—his daughter is unwilling that her stepmother should erect a monument upon this lot, not only in memory of her deceased husband, but also in memory of his first wife, and of plaintiff's first husband. Having assented to her father being buried in her lot, she ought not to be heard to say that his wife shall not erect thereon, to his

memory, a suitable monument.   Deceased wanted to be buried there; plaintiff wanted him thus gratified, and he was buried in her lot; and, under such circumstances, defendant must be held to have the unquestioned right to properly improve and adorn his last resting place.   It would be a doctrine abhorrent to our sense of what is right and just to say that, after deceased had been buried in plaintiff's lot, she alone should be permitted to testify to her affection for him by the erection of a monument to his memory, and by otherwise adorning and embellishing his last resting place. · When plaintiff consented to the burial of her father in her lot, she knew, or ought to have known, that that consent involved the right on the part of his widow to manifest her appreciation of and affection for the deceased in the usual way, followed from time immemorial by those who respect and revere their dead. This daughter and this widow should exercise a little Christian charity; should remember that, whatever their differences may be, they should, be lost sight of in the presence of the dead, and obliterated in a common desire and effort to suitably testify to their respect for one who was, as to one of them, a father, and, as to the other, a husband.   What matters it that the law has said that after burial of a husband the wife shall have no control over his remains; that his next of kin have the exclusive right of disposition thereof?   This court has said that for some purpose, at least, the widow is to be treated as next of kin.   *French v. French,*   91 Iowa, 140, 51 N. W. Rep. 146.   But however that may be, as applied to a case like this, it is of no moment. It always has been, and will ever continue to be, the duty of courts to see to it that the expressed wish of one, as to his final resting place, shall, so far as it is possible, be carried out.   In one view, it is true it may not matter much where we rest after we are dead; and

yet there has always existed, in every person, a feeling that leads him to wish that after his death his body shall repose beside those he loved in life. Call it sentiment, yet it is a sentiment and belief which the living should know will be respected after they are gone.

We think the District Court erred. It should have entered a decree for plaintiff, enjoining the removal of the body of Philip Deeds, and authorizing the defendant to erect upon the lot in which rest his remains a monument to his memory, with proper inscriptions. Under the peculiar circumstances of this case, defendant's right in this respect should be properly guarded, as to the size and location of the monument, having in mind the plaintiff's right to occupy and use the rest of the lot. We think that no inscription should be permitted to be placed upon the monument, in any way referring to the plaintiff or her first husband, whose remains lie in said lot.

Defendant should not be permitted to erect a coping around said lot. To do so would be a virtual act of appropriation of the whole lot, which, under the circumstances, would, we think, be manifestly improper. The decree should be broad enough to permit both parties, as well as any of the kin of the deceased, to, at their pleasure, decorate the grave of the deceased with flowers, and, in so doing, not to interfere with each other. The case will be remanded to the District Court, with instructions to proceed in conformity with the views herein expressed.—*Reversed.*