JAMES McGann *et. al. vs.* MARY A. McGANN, *Admx., et al.*

JANUARY 14, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Monuments. Probate Law. Burial. Husband and Wife.*

A widow, who was also administratrix, having received permission of the Probate Court to expend a stated sum in the erection of a monument at the grave of her husband, who was buried in the lot of her father, at request of deceased, where the mother of administratrix was also interred, erected such monument and placed thereon the names of her father and mother in accordance with an agreement between her father and herself whereby he consented to the erection of the monument.

Certain of the heirs-at-law of deceased, claiming that they had contributed to the erection of the monument by reason of its being paid for by money of the estate, sought to have such names removed:—

*Held*, that, the primary right to control the burial of a husband being with the widow, who as administratrix has obtained permission to expend the money of the estate for erecting a monument, she has the right to erect such monument as she chooses, with such inscription thereon as she may deem appropriate, subject to the rules of the cemetery, the rights of the lot owner, and such reasonable control as a court of equity should exercise to prevent infraction of the recognized rules of propriety.

*Held*, further, that complainants could not be regarded by reason of any indirect contribution, as part owners of the monument; that while no such principle of ownership was recognized by law, the matter was dealt with by equity irrespective of rules growing out of the ownership of property.

*Held*, further, that the bill would be dismissed.

BILL IN EQUITY seeking relief fully stated in opinion. Heard on appeal from decree of Superior Court, and appeal dismissed.

PARKHURST, J. This is a bill in equity brought by James McGann and three others, being two brothers and two sisters of Michael J. McGann, late of Providence, deceased, the four complainants being four out of ten heirs-at-law and distributees

of the estate of said Michael J. McGann, who died without issue. The defendants are Mary A. McGann, the widow and administratrix of Michael J. McGann, and Bernard McGovern, who was made a party defendant on his own application as being a party interested in the cause. The gravamen of the bill is that the defendant Mary A. McGann, having been duly appointed administratrix of the estate of Michael J. McGann, her husband, and having been, by decree of the Municipal Court of Providence, dated March 25, 1902, "permitted to expend a sum not exceeding $700 in the erection of a monument at the grave of said Michael J. McGann," proceeded thereafter to erect a monument at the grave of said Michael J. McGann, having inscribed on one side thereof the name of said Michael J. McGann, and on the other side the names of Bernard and Alice McGovern, neither of said McGoverns being relatives of the complainants or of said Michael J. McGann, nor having contributed to the erection of said monument. The complainants claim that they have contributed to the erection of said monument by reason of the fact that it was paid for with money of the estate of which they would have been entitled to their distributive shares if it had not been so expended; that they consented to the entry of said decree "with the express understanding that said monument was to be erected, dedicated, and inscribed to perpetuate the memory of Michael J. McGann and his memory exclusively;" that they have requested the defendant Mary A. McGann "to remove and erase said names of Bernard and Alice McGovern from said monument," and that she has ignored their request; and they pray that Mary A. McGann may be restrained by injunction from keeping and maintaining said names of Bernard and Alice McGovern upon said monument and may be ordered and decreed to remove said names from said monument.

It appears by the answers, which are fully supported by the testimony in the cause, that there was no such express understanding between the parties as set forth in the bill, and "no express understanding of any kind with the complainants or any of them regarding the inscriptions or design of said monument;" that Michael J. McGann was buried in a burial lot

held by Bernard McGovern in St. Francis Cemetery, in accordance with his desire expressed prior to his death; also in accordance with the choice, request, and desire of his wife; with the consent of Bernard McGovern, and without opposition or objection on the part of the complainants or heirs; that the widow, Mary A. McGann, is the daughter of Bernard and Alice McGovern; that the most affectionate relations always existed between the deceased Michael J. McGann and said Alice and Bernard McGovern; that Alice McGovern, the wife of Bernard, had died and been interred in said burial lot about six months prior to the death of Michael J. McGann; that Bernard McGovern had intended to erect a family monument to his wife and himself, in said lot (the lot being called a "six-grave lot,") and being eighteen feet long by ten feet wide; and that when Mrs. McGann proposed to erect the monument at the grave of her husband upon said lot, in accordance with the decree of the Municipal Court, it was objected by Mr. McGovern that the monument as designed was of such size that it would be impracticable to so erect it without interference with the rights and intentions of him, the said McGovern, to erect a monument on his lot as he had intended; that therefore Mrs. McGann, "desiring to properly perpetuate the memory of her said deceased husband, and having in mind the affectionate relations that had always existed between her late husband and her father and mother, then and there offered to and agreed with said Bernard McGovern that if he would consent to the erection of said monument as designed that she would have placed and inscribed thereon the name of Alice McGovern and Bernard McGovern."

The names were so inscribed, and the monument was placed in accordance with such agreement.

Mrs. McGann claims by her answer that "if she is compelled to remove from said monument the said names of Alice and Bernard McGovern, that she will thereby violate her agreement with said Bernard McGovern and entitle him to have said monument removed from said lot, and the same will thereby become a total loss to the estate and to said heirs and your respondent."

Bernard McGovern by his answer claims "that if the said Mary A. McGann is permitted or compelled to remove the names of Alice McGovern and Bernard McGovern from said monument she will thereby violate the aforesaid agreement," and prays, by way of cross-relief, "that his rights as owner and holder of the title to said lot, and under and by virtue of said agreement with said Mary A. McGann, may be protected against infringement, and that this honorable court may enter a decree denying the prayer of the complainants and preventing the removal of the names of Alice McGovern and Bernard McGovern from said monument, and may grant such other and further relief," etc.

It also appears that while said monument was in process of construction, and before it was actually erected on said lot, the defendant, Mary A. McGann, as administratrix, having ascertained the balance in her hands for distribution, made settlement with all of the complainants and other heirs and distributees, paid over the moneys due to them and took their general release in the usual form, whereby they released said Mary A. McGann as administratrix and individually from all and all manner of actions, causes of actions, debts, dues, claims and demands both in law and *equity;* and the defendant Mary A. McGann, sets up this release by way of plea in her answer. This release was not delivered until December 9, 1902, and at that time the monument, although not actually erected on the burial lot, had been completed, with all its inscriptions, and was in the yard of the maker, where it was open to inspection, and there was no concealment or attempt at concealment on the part of the defendants as to the nature of the inscriptions.

It is to be noted that no one of the complainants appears as a witness in support of any of the allegations of the bill, and there is no attempt to prove that there was any express agreement or understanding between them and the widow as to the monument or its inscriptions, or that there was any injury to their feelings by reason thereof, or that there was any "hostility" or "antagonism" displayed by the widow towards the complainants, as alleged in the bill.

Under all the circumstances of this case, we are of the opinion that the complainants have failed to show any ground for the relief prayed for.

It has been decided in this State that, "as a general rule, the primary right to control the burial of a husband should be with the widow, in preference to the next of kin," for the same reasons and on the same grounds that in case of the death of a wife such right of control belongs to the husband, under ordinary circumstances. *Hackett* v. *Hackett,* 18 R. I. 155, 158.

(1)    If, then, the widow has such right of control, and, being also administratrix, has obtained authority to expend the money of the estate for erecting a monument, she must, as a matter of course, have the right to erect such a monument as she chooses, within the limits of expenditure authorized, with such inscription thereon as she may deem appropriate, subject to such reasonable rules and regulations as may be imposed by the authorities in control of the cemetery; subject also to the rights of the owner of the lot, where, as in this case, the interment is made in a lot owned by a third person; and further subject to such reasonable control, regarding the character of the monument and its inscriptions, as shall prevent any such infraction of those recognized rules of propriety as would shock the sense of the community or show disrespect or contempt for the dead, or in any real sense do injury to the feelings of the surviving relatives. We think that a court of equity could and should exercise control, in its discretion, in such matters upon a proper case.

This is simply a logical extension of the principles held in regard to the burial of the dead and the protection of the rights of parties interested therein, as set forth in *Pierce* v. *Prop'rs of Swan Point Cemetery,* 10 R. I. 227; *Hackett* v. *Hackett,* 18 R. I. 155; *Weld* v. *Walker,* 130 Mass. 422; *Fox* v. *Gordon,* 16 Phila. Rep. 185; *Thompson* v. *Deeds,* 93 Iowa, 228; and the numerous cases cited therein.

But in this case we do not find that the widow has done anything of which the parties can properly complain. She has erected a monument, with a proper inscription, to her hus-

band's memory; and the only complaint is that she has placed upon the same monument the name of her mother, who was buried in the lot prior to the husband's decease, and the name of her father, who owns the lot and expects to be buried therein when he dies. We are of the opinion that it was entirely proper for the widow, under the circumstances, to so place the names of her father and mother upon said monument. It was done in pursuance of an agreement with her father, in consideration of his permission to erect such a monument as she desired, and such as would by reason of its size and location, prevent him from erecting his own monument on his lot to himself and his wife. He had a perfect right to impose such a condition, and it could not be regarded as, in any sense, a disrepect of or contempt for the dead, in view of the request of the deceased to be buried in said lot and in view of the affectionate relations which always subsisted between the deceased and his widow's father and mother.

The right of the widow to erect a monument to her husband, who was buried at his own request by the side of a former wife in a lot owned by his daughter who was born to him by such former wife, was expressly recognized in *Thompson* v. *Deeds*, 93 Iowa, 228, but was also made expressly subject to reasonable conditions imposed for the benefit of the lot owner "as to the size and location of the monument, having in mind the plaintiff's right to occupy and use the rest of the lot." Restrictions were also imposed as to inscriptions, in accordance with the wishes of the lot owner.

In our opinion the claim set up by the complainants, that by reason of the use of the money of the estate in the erection of the monument they were contributors to the cost of the monument and thereby became interested as part owners of the same, and so entitled to relief, is untenable. If the legal title to the monument were to be determined according to the doctrine of contribution contended for by the complainant's counsel, the widow would own one-half and each of the complainants would own one-twentieth; so that the total representation of interests on behalf of the complainants would be four-twentieths, or one-fifth, as against one-half represented

by the widow; and the widow would appear to have the superior right. It will at once appear that any such principle of ownership, if recognized by law, would be likely to lead to most unseemly wrangles and to suits of various kinds of very doubtful solution by the courts.

We find no case in which such principle of ownership has ever been recognized. On the contrary, it has been the recognized doctrine of the English law that property in monuments and gravestones remains in the executor, or in the person who erects them (if other than the executor), during life; and after decease of executor (or other person erecting), then in the heirs. 3 Coke's Inst. 202; 1 Burn's Eccl. Law, p. 372, § 21; *Spooner* v. *Brewster*, 3 Bing. 136.

And the same doctrine is recognized in this country in *Re Brick Presbyterian Church*, 3 Edw. Ch. (N. Y.) 155, 168; *Mitchell* v. *Thorne*, 134 N. Y. 536, 539, and cases cited.

But courts of equity deal with matters of this kind upon broad grounds, and are not governed by rules which grow out of the ownership of property. As was said by the court in *Fox* v. *Gordon*, 16 Phila. 185: "Questions which relate to the custody and disposal of the remains of the dead do not depend upon the principles which regulate the possession and ownership of property, but upon considerations arising partly out of the domestic relations, the duties and obligations which spring from family relationship and the ties of blood; partly out of the sentiment so universal among all civilized nations, ancient and modern, that the dead should repose in some spot where they will be secure from profanation; partly out of what is demanded by society for the preservation of the public health, morality, and decency, and partly often out of what is required by a proper respect for and observance of the wishes of the departed themselves. When we speak therefore of the right and obligation to select the place and direct the manner of the burial of a relative or friend, we do not speak of a right of property, but of rights and duties recognized by the laws and usages of society, as growing out of the natural relations of human beings to each other and the divine and human laws which bind society together."

In our view of the case, it becomes unnecessary to consider the effect of the release given by the complainants and others to the administratrix upon the settlement of the estate, since in our opinion the rights of the parties would have been the same, under the circumstances, if the estate had not been settled and no release had been given.

We think, furthermore, that the interests of the defendant Bernard McGovern will be sufficiently protected, in view of the foregoing opinion, by the dismissal of the bill, and that no decree for cross-relief need be entered under the prayers contained in his answer.

The decree of the Superior Court is affirmed, and the appeal is dismissed.

*Charles E. Gorman and Joseph J. Cunningham*, for complainants.

*John W. Hogan and Philip S. Knauer*, for respondents.

