ANNA L. DONOHUE et al., complainants,

*v.*

LORETTA FITZSIMMONS et al., defendants.

[Submitted November 7th, 1923. Decided November 17th, 1923.]

1. The right to bury in a cemetery carries with it the right to erect a proper monoment or memorial at the grave. This right is, however, subject to the rules of the cemetery.

2. Where a headstone was erected over a grave without the permit required by the rules of the cemetery association, and in violation of the rules and regulations of the cemetery (such rules and regulations appearing to be reasonable and necessary for the proper care and maintenance of the cemetery), the cemetery will be permitted to remove such headstone unless it is placed and set in conformity with such rules and regulations within thirty days from the entry of the decree in this cause.

On bill, &c.

*Mr. Herman B. J. Weckstein,* for the complainants.

*Mr. James R. Nugent,* for the defendants.

*Mr. William J. Kearns,* for defendant Roman Catholic Diocese.

FOSTER, V. C.

The bill in this case seeks to prevent the removal of a headstone erected at the grave of George C. Brumer, in the cemetery of the Holy Sepulchre, in Newark.

The facts developed at the hearing are that on May 18th, 1894, Mrs. Mary F. McHugh received from the cemetery a certificate which recited that the cemetery had received from her $70, "being amount of purchase-money of lot No. 367, section I, in the cemetery of the Holy Sepulchre."

Mrs. McHugh was the mother of the complainant Mrs. Donohue, and of the defendant Mrs. Fitzsimmons, and also of Peter and Daniel McHugh, at the time of her death in December, 1919.

The defendant Mrs. Brumer is the daughter of Mrs. Donohue and the granddaughter of Mrs. McHugh, and the widow of George C. Brumer, who died as a result of services in the war, on March 6th, 1922, and who was buried in the plot in question, with the consent of Mrs. McHugh's four children.

Mrs. McHugh died intestate, and there has been no administration of her estate; the receipt or certificate above mentioned came into the possession of the defendant Mrs. Fitzsimmons, with other papers, at the time of her mother's death.

In March, 1923, about the anniversary of her husband's death, Mrs. Brumer caused the headstone to be erected without the consent of three of Mrs. McHugh's children, and without the authority of the cemetery.

The Roman Catholic diocese, as the owner in trust and manager of the cemetery, has been made a party defendant,

and has answered and has also filed a counter-claim in which it asks for the removal of the headstone because it was erected in violation of the rules and regulations of the cemetery. These rules and regulations are referred to in, and are made a part of, the certificate which was given to Mrs. McHugh.

This certificate has been referred to throughout the hearing by the parties and their counsel as a deed or a license.

Under a somewhat similar certificate, Vice-Chancellor Stevens, in *Toppin* v. *Moriarty, 44 Atl. Rep. 469; 59 N. J. Eq. 115,* held that "the legal situation is the bishop holds the land in trust for the holders of certificates," and the holders of the certificate in this case are the four children of Mrs. McHugh.

There is some evidence to the effect that Mrs. McHugh had declared that she did not wish any headstone to be erected on the plot which did not bear the name of McHugh, and it appears that the headstone erected at the grave of Mr. Brumer, and bearing his name, is the only one on the plot.

It is the general rule that the right to bury carries with it the right of erecting a proper monument or memorial at the grave. *5 Am. & Eng. Encycl. 790; 11 C. J. 62; Mitchell* v. *Thorne, 134 N. Y. 536; Thompson* v. *Deeds, 93 Iowa 228; Durell* v. *Hayward, 9 Gray (Mass.) 249.* The right is, however, subject to the rules of the cemetery. *St. Peter's Church* v. *Bean, 15 Pa. Dist. 636; McGann* v. *McGann, 28 R. I. 130; McGough* v. *Lancaster Burial Board, 21 Q. B. D. 323.*

The right of burial in this case was given by all the heirs or children of Mrs. McHugh, and was consented to, or at least acquiesced in, by the cemetery, and there is now no right in any of these children to insist on the removal of the headstone against the wishes of any of the others, or against the wishes of Mrs. Brumer, to whom the right to bury her husband in this plot was expressly given.

The position of the cemetery respecting the erection and maintenance of the headstone is entirely different. On the hearing it was shown that Mrs. Brumer was anxious to have

the headstone erected before the anniversary of her husband's death; that because of the weather and the condition of the ground, the stone was placed in a temporary way, without foundation, at the grave; the illness of the man who did the work prevented the building of the foundation for some time, and later the completion of the work was prevented by this action, and the consent of the cemetery to the erection of the headstone was never asked for.

The rules and regulations of the cemetery prescribe that— (1) no headstones shall be set without giving previous notice to the superintendent, in order that he may determine whether it is of allowable dimensions, and is placed in the right spot and in a proper manner; (2) no such work shall be done until a certificate or permit has been issued by the agent of the cemetery designating the work to be done and the party to do it, and (3) headstones must be erected on foundations of solid masonry, at least twelve inches in thickness, and at least three feet in depth, and all head and footstones must be placed on a uniform line.

The erection of this headstone without a permit, and in the manner in which it was set, violated all of these rules and regulations, which appear to be reasonable and necessary for the proper care and maintenance of the cemetery.

A decree will be advised permitting the cemetery to remove the headstone unless the complainants, or one of them, within thirty days from the entry of the decree, cause the headstone to be placed and set in conformity to these rules and regulations.