OATKA CEMETERY ASSOCIATION, INC., for Itself and for Lot Owners in OATKA CEMETERY, Respondent, *v.* THEODORE C. CAZEAU, Appellant.

Fourth Department, November 9, 1934.

*Charles B. Bechtold,* for the appellant.

*Elbert H. Carver,* for the respondent.

EDGCOMB, J. This is an action in trespass. Plaintiff, a cemetery corporation which owns and maintains a burial ground in the village of Scottsville, N. Y., has been awarded a money judgment for the damages which it claims to have sustained by reason of the unlawful removal by the defendant of certain tombstones, erected some years ago at the graves of several veterans of the late Civil war.

The monuments in question were old and time-worn; some were broken, and left lying on the ground; one was merely stuck in the earth; others were standing, but were loose, and badly in need of attention. They were removed, and new ones were set up in their place by T. H. Marrion Company, a dealer in headstones and monuments, pursuant to an order signed by Charles J. Peck, one of the commissioners appointed by the board of supervisors of Monroe county, in an attempted compliance with the provisions of section 85 of the Poor Law (now section 120 of the Public Welfare Law), which relates to the erection of headstones, at public expense, at the graves of honorably discharged soldiers, sailors or marines who served in the army or navy of the United States.

Defendant's connection with this affair is somewhat obscure. He is not a veteran of the Civil war, but is generally interested in the Grand Army of the Republic, and is the secretary of the flower committee of that organization. For years he has taken an active part in decorating the graves of deceased soldiers of the Civil war on Memorial Day, and has spent considerable time in compiling the historical records of the Civil war veterans of Monroe county. He has materially assisted in securing the erection, under the provisions of the Public Welfare Law, of headstones at the graves of soldiers and sailors in the various cemeteries of Monroe county. He is an insurance broker, and occupies the same office used by the Grand Army of the Republic in the city of Rochester. He did not personally remove the monuments in question from the various lots in the cemetery, nor assist in such work. There is no evidence that he was in the graveyard at the time this work was being done. That fact alone, however, would not exonerate him from liability. If the removal of these headstones was unauthorized, defendant would be equally accountable with the actual perpetrator, if he incited, promoted, aided or abetted the doing of such unlawful act. (*Ketcham* v. *Newman,* 141 N. Y. 205, 209; *Judson* v. *Cook,* 11 Barb. 642; *Wall* v. *Osborn,* 12 Wend. 40; *Morgan* v. *Varick,* 8 id. 587.) There is evidence which, if believed, would warrant a jury in finding that the defendant, although not the ultimate wrongdoer, was responsible for the

removal of these monuments, and the erection of the new ones in their place.

Our attention has been called to no authority in this or in any sister State directly in point, and diligent search upon our part has disclosed none. Upon principle, however, we think that the plaintiff has not been injured by reason of this alleged trespass, and that it cannot maintain this action.

The cause of action, if one exists, lies in those who erected the original tombstones, if such persons be livng, and if dead, in the heirs at law of those in whose honor and memory the monuments were raised, rather than in the cemetery association, which never erected or paid for these stones, and which never had any pecuniary interest therein.

While the purchaser of a cemetery lot does not acquire a title thereto in fee simple, he becomes possessed of a property right therein which the law protects from invasion. He has an easement for burial purposes therein, in accordance with the usual custom prevailing in the locality, and this privilege carries with it the right to erect tombstones and monuments in memory of the deceased, and to protect them from injury and spoliation. (*Buffalo City Cemetery* v. *City of Buffalo*, 46 N. Y. 508; *Went* v. *Methodist Protestant Church*, 80 Hun, 266, 270, 271; affd., 150 N. Y. 577; *Tonella* v. *Fishkill Rural Cemetery*, 135 Misc. 81; affd., 229 App. Div. 732; affd., 255 N. Y. 617; *Anderson* v. *Acheson*, 132 Iowa, 744, 749, 755; 110 N. W. 335; *Dwenger* v. *Geary*, 113 Ind. 106; 14 N. E. 903; *Gardner* v. *Swan Point Cemetery*, 20 R. I. 646; Memb. Corp. Law, § 84.)

It has long been the rule of the common law that, if a tombstone at the grave of a deceased person has been defaced or removed, he who originally erected it has a cause of action against the guilty party for the resulting injury. After his death the right to maintain such an action passes to the heirs at law of him in whose honor and memory the monument was erected. (Black. Comm. book 2, p. 429; *Frances* v. *Ley*, 3 Croke [James], 366; *Spooner* v. *Brewster*, 3 Bing. 136; *Mitchell* v. *Thorne*, 134 N. Y. 536, 539; *Matter of Brick Presbyterian Church*, 3 Edw. Ch. 155; *Sabin* v. *Harkness*, 4 N. H. 415; *McGann* v. *McGann*, 28 R. I. 130, 136; 66 Atl. 52; *Brown* v. *Hill*, 284 Ill. 286; 119 N. E. 977; *McWhirter* v. *Newell*, 200 Ill. 583; 66 N. E. 345; *Jacobus* v. *Congregation of Children of Israel*, 107 Ga. 518; 38 S. E. 853; *Anderson* v. *Acheson*, 132 Iowa, 744, 749; 110 N. W. 335; *Wormley* v. *Wormley*, 207 Ill. 411, 415; 69 N. E. 865.)

Property in these tombstones which were removed being in the persons who originally erected them or in the heirs at law of those

who were buried on the lots in question, and not in the cemetery association, plaintiff has no interest to protect, and has sustained no damages by reason of any unlawful act on the part of the defendant, and cannot maintain this action. The gist of a trespass, whether it be to realty or to personalty, is injury to possession. Possession of these stones, either actual or constructive, did not rest in the plaintiff at the time of their removal. There can be no action for trespass on the part of one whose rights have not been invaded.

Concede, for the sake of the argument, that the old stones could readily have been repaired and reset, and that they far surpass in grace, beauty and intrinsic value the new markers. Even under such circumstances their removal did not injure the cemetery association. The heirs of these deceased soldiers had the legal right at any time to take down these old monuments and substitute new ones in their place, or to leave the graves unmarked, and the plaintiff would have had no redress. No duty rested upon the cemetery association to repair or reset these old stones. Neither was the plaintiff liable to the heirs of these deceased soldiers for the damages which they sustained, if any there be, by reason of the trespass of the defendant.

Under the charge of the court, the plaintiff has been awarded a verdict for the cost of replacing the original stones. We need not discuss whether that would have been the proper measure of damages here, if a cause of action had been made out. The instructions given to the jury became the law of the case on the trial. Plaintiff can put the amount of its recovery, if this judgment is sustained, in its treasury, and never replace a single stone. There is no suggestion, much less is there any evidence, that the heirs of these deceased soldiers are dissatisfied with the new markers, or that they would ever consent to their removal and the substitution of the old monuments. In fact several of such heirs have expressed their satisfaction and approval of what was done. This judgment would not be a bar to an action brought by those who have a legal right to recover for defendant's wrongful act. Under all these circumstances, the logic of permitting this judgment to stand does not appeal to one's reason or sense of justice.

Neither can the plaintiff recover upon the theory that it is a trustee of the interests of the heirs of those buried in the cemetery, and that as such is entitled to bring this action on their behalf, and hold the moneys collected for their benefit.

The action was not tried or submitted to the jury on any such theory. It is true that in the title of the action plaintiff is designated as suing " for itself and for lot owners in Oatka Cemetery,"

but nowhere else in the complaint is there any suggestion that this is not the ordinary action for the sole benefit of the cemetery association. No allusion was made on the trial, either in the evidence or in the charge to the jury, that plaintiff could recover upon any theory other than that the action was for the sole benefit of the plaintiff in its individual capacity. The judgment provides that the Oatka Cemetery Association, Inc., recover of the defendant the amount of the verdict and the costs. It is a judgment in favor of the plaintiff personally, and not in any fiduciary capacity. A judgment cannot be sustained upon appeal upon some ground other than that alleged in the complaint, and upon which the action was tried. (*Reed* v. *McConnell*, 133 N. Y. 425, 430, 431; *Southwick* v. *First National Bank of Memphis*, 84 id. 420; *Neudecker* v. *Kohlberg*, 81 id. 296, 301; *Wright* v. *Delafield*, 25 id. 266, 270; *Melnick* v. *Kukla*, 228 App. Div. 321, 324.) A judgment, to be rendered by any court, must be *secundum allegata et probata*.

Furthermore, no one of the interested parties ever requested respondent to bring this action. So far as the evidence shows, none of the heirs of these deceased soldiers ever objected to the removal of these old stones. As before noted, some of them have consented to such removal, and have expressed their entire satisfaction with the substitution of these government markers for the old monuments. For aught we know, that is the attitude of all the interested parties. Under these circumstances, it seems somewhat officious for the cemetery association to assume to speak and act for them. We do not think that it had any right so to do.

We do not say that a situation may not arise where a proprietor of a cemetery would not be justified in taking some action for the protection of its lot owners, or the heirs of those who are buried in the graveyard. We are simply holding that, under the circumstances disclosed by this record, an action at law to recover damages for the removal of the monuments does not lie in favor of this plaintiff.

We have, therefore, reached the conclusion that the judgment appealed from cannot stand, and that it should not only be reversed, but that the complaint should be dismissed.

All concur. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.