LENA BLANCHE SHERMAN
*vs.*
SAMUEL B. GRAY

Knox.   Opinion, February 3, 1954.

*Jerome C. Burrowes*, for plaintiff.

*George W. Wood, Jr.*, for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

MERRILL, C. J.   On report.   This is an action of *trespass quare clausum* reported to this court by a Justice of the Superior Court on an agreed statement of facts.   The

alleged trespass is the erection and maintenance by the defendant of a granite monument on cemetery lot numbered 323, which lot is alleged to be the close of the plaintiff. The agreed statement of facts is as follows:

"1. Asenath Achorn during her lifetime was the owner in fee simple and in possession of the premises described in the above entitled writ.

2. In the year 1937 Alice L. Gray, wife of Samuel Gray the defendant, died and Asenath Achorn gave oral permission to Samuel Gray to bury the remains of his said wife on said lot.

3. On July 30, 1943, Asenath Achorn made and executed her last will and testament which included the following clause:

'I give, bequeath and devise to my niece, Lena Blanche Sherman, of said Rockland, so much of the cemetery lot, hereinbefore mentioned, as remains unoccupied, after my remains have been buried in said lot, approximately one third thereof, and request her, as said executrix, to see that the date of my death is properly cut on the stone marking my last resting place.'

4. Asenath Achorn died on December 4, 1950, and her will, was proved and allowed at the February term 1951 of the Knox County Probate Court, Rockland, Maine.

5. In the fall of 1951, Samuel Gray, without permission or authority from Lena Blanche Sherman, erected on said lot a monument (not a headstone) bearing his name and the name of his deceased wife."

For the unauthorized invasion of a cemetery lot the owner thereof in possession may maintain *trespass quare clausum. Pulsifer* v. *Douglass*, 94 Me. 556.

Permission to bury a body in the cemetery lot of another when exercised constitutes an irrevocable license in the li-

censee for at least so long as the premises continue to be used as a cemetery.

The right of sepulture in a burial lot as a general rule carries with it the right to erect suitable monuments, markers or memorial tablets at the graves of those buried therein. In determining whether or not the monuments so erected on a lot of another are suitable, due regard must be paid to the rights of the owner of the lot, the size of the lot, the other graves, memorials and erections thereon, and all of the circumstances of the particular place.

For the general principles governing the right of sepulture see 10 Am. Jur. 508, Sec. 31, 14 C. J. S. 92, Sec. 33, 11 C. J. 62, Sec. 28, and cases cited therein. See *Durell* v. *Hayward,* 9 Gray, 248, 249; *Dwenger* v. *Geary,* 113 Ind. 106, 14 N. E. 903; *Mitchell* v. *Thorne,* 134 N. Y. 536, 32 N. E. 10; *Gardner* v. *Swan Point Cemetery,* 20 R. I. 646, 40 Atl. 871; *Anderson* v. *Acheson,* 132 Iowa, 744, 9 L. R. A. N. S. 217; *Brown* v. *Hill,* 284 Ill. 286, 119 N. E. 977; *Donahue* v. *Fitzsimmons,* 95 N. J. Eq. 125, 122 Atl. 617; *Mansker* v. *Astoria,* 100 Or. 435, 198 Pac. 199; *Oatka Cemetery Asso., Inc.* v. *Cazeau,* 275 N. Y. S. 355, and *Slifer* v. *Greenmount Cemetery Co.,* 67 Atl. (2nd) (Pa.) 584.

The case of *Thompson* v. *Deeds,* 61 N. W. (Iowa) 842 is of particular interest. In that case it was held that the right of one who had been granted the privilege of sepulture for a deceased spouse in the burial lot of another is not confined in the choice of a memorial to a mere headstone or marker and that the presence of the name of the surviving spouse on the monument is not in excess of her right to erect the same.

Bearing in mind the foregoing general principles of law, the agreed statement of facts in the instant case is wholly insufficient to enable the court to make decision of the rights of the parties.

First, it does not appear that the monument of which complaint is made was erected on that portion of the lot in the possession of the plaintiff or to which the plaintiff has title.

Second, it does not definitely appear that defendant buried the remains of his wife in the lot in question.

Third, there is nothing in the statement of facts that shows the size of the monument erected, or any facts from which it can be determined whether or not the same is a suitable monument to be erected on the lot in question under the circumstances surrounding the same.

Fourth, the only statement of fact with relation to the nature of the monument erected is that it is a monument as disinguished from a headstone and that the same bears the defendant's name as well as that of his deceased wife.

From these facts it is impossible to determine whether or not the monument is suitable or whether the defendant in any way exceeded his license in erecting the same.

Finally, if facts sufficient to determine these questions were included in the agreed statement, the case would not present a question of law of sufficient importance to justify reporting the same to this court for decision. Entry must be

*Report discharged.*

*Case remitted to the Superior Court.*