## Janka v. Oakland Cemetery Company

*George Ovington,* for plaintiff.

*Clelland L. Mitchell,* for defendant.

GRIFFITHS, J., May 28, 1954.—Plaintiff filed a complaint in equity to compel defendant cemetery company to remove a monument erected on a portion of the cemetery lot now owned by plaintiff. From the complaint, answer and proofs the court makes the following

### Findings of Fact

1. Plaintiff is an individual residing at 509 Stanwood Street, Philadelphia, Pa., and defendant is a corporation owning and maintaining a burial ground at Adams Avenue and Ramona Avenue, Philadelphia, Pa.

2. Robert Janka, on October 13, 1917, purchased a lot, no. 401, section L, in the Oakland Cemetery.

3. Esther A. Janka, plaintiff, became the owner of the lot and section by inheritance under the will of Robert Janka, her husband, who died September 9, 1952.

4. John Janka, a brother of Robert Janka, was buried in this lot, grave designated no. 4, on October 17, 1917, with the express consent and permission of Robert Janka, with room for another body to be interred above his remains.

5. On November 3, 1943, John Edward Yanke (decedent having been known by his German name) was interred in this lot, grave designated no. 3, with the express consent and permission of Robert Janka, with room for another body to be interred above his remains.

6. Robert Janka died September 9, 1952, and was interred in this lot, grave designated no. 4, on September 13, 1952, in a position above the remains of John Janka.

7. Defendant cemetery company permitted a monument to be placed on the grave, designated as no. 4, of John Edward Yanke on March 28, 1944, at the

request of decedent's sister, but without express authorization of the then lot owner.

8. The lot contains an area of 8 feet by 12 feet. Robert Janka and John Edward Yanke are buried in adjoining graves, each grave being approximately three feet in width and the monument upon the grave of John Edward Yanke is directly over his grave, so that there is room to erect a monument directly over the grave of Robert Janka, or at any other position in the 8-by-12 foot area, excepting only the space occupied by the monument of John Edward Yanke.

9. John Edward Yanke is now survived by his widow, his mother, two sisters and two brothers.

10. The immediate relatives of John Edward Yanke have not consented to the removal of the monument but, on the contrary, protest and forbid the removal.

11. Plaintiff desires to erect a family tombstone which would occupy a space extending partly across all four graves on the lot but is prevented from doing so by the position of the marker on the grave of John Edward Yanke.

## Discussion

It is the contention of defendant that the granting of permission by the lot owner to inter a body in a grave carries with it a right to erect a monument on the grave and as authority therefor defendant has cited the cases of Mitchell et al. v. Thorne, 134 N. Y. 536, 32 N. E. 10 (1892), and Donohue et al v. Fitzsimmons et al., 95 N. J. Eq. 125, 122 Atl. 617 (1923). Defendant could also have cited two Pennsylvania cases: Sliffer et al., v. Greenmount Cemetery Company, 164 Pa. Superior Ct. 534, 536 (1949), where it was held that the right of interment carries with it not an implied but explicit right to erect monuments; and Leonard's Estate, 343 Pa. 198, 202 (1941), where our present Chief Justice Horace Stern stated by way of dicta that the owners of burial ground have

an implied right of erecting a monument over the grave. This matter of right is also discussed in 10 Am. Jur. 508, §31.

A distinction exists, however, between all of these cases and the present case now before us in that in the cases cited an exclusive and entire right of interment in a particular grave was given to the individuals claiming the right to erect the monument.

The case cited by plaintiff of Capen v. Leach et al., 182 Mass. 175 (1902), 65 N. E. 63, is not in point here in that that decision required a tenant in common to remove a tombstone which she had erected without the consent of coöwners. Such are not the facts in this case. The case of McGann v. McGann, 28 R. I. 130 (1907), 66 Atl. 52, arose by a bill in equity brought by the brothers and sisters of decedent to have removed from the tombstone of decedent the name of the lot owner who gave decedent's wife the right to bury him on condition that the lot owner's name appear on the monument. The reasoning behind this action was that the right of burial carried with it the exclusive right to erect and use a monument. The court held that under the circumstances of this case the owner had the right to impose this condition. As dictum the court stated that the widow of decedent had the right to erect a tombstone but that it could be subject to certain limitations, one of which was the remaining rights of the lot owner. This case cited by defendant seems to have little bearing on the case now before us.

The present monument on what has been designated as grave no. 3, that of John Edward Yanke, placed by his relatives, is on a grave, the exclusive right of interment of which was not given to the relatives of that decedent. They had only a limited right. It was limited to placing their decedent in the lower part of the grave and the upper portion thereof was left available to the lot owner. It is altogether possible that present plain-

tiff may desire to be buried in this very grave above John Edward Yanke, in which case she would then be beside her husband. If she were not so interred she would be at least a full grave removed from her husband. While it is possible for four separate monuments to be placed on this lot, one over each of the four graves, the desire of plaintiff, who is now the lot owner, to erect a single monument over the entire lot or substantial portion thereof, should not be interfered with. If the present monument is permitted to remain there there would be such an interference. There is not an implied or explicit right to erect a monument that goes with permission to inter in a grave unless such permission grants an exclusive and entire right of interment. In this case such permission was not granted. When the right of interment is not exclusive the right to erect a monument is proportionately limited. The right of erection of a monument over the grave of John Edward Yanke is therefore not an exclusive right and the exercise of such proportionate right cannot interfere with the erection of a monument over the entire area of four graves but the right may not be eliminated entirely. Any monument which may be placed over the grave by the lot owner must have thereon the name of John Edward Yanke with the year of his birth and the year of his death and we will so decree.

Therefore, the court makes the following

### Concluions of Law

1. Permission was granted by Robert Janka for the burial of John Edward Yanke in a grave designated no. 3 lot in lot no. 401, section L, of defendant cemetery company on November 3, 1943.

2. Such permission granted a limited right of interment reserving to the then owner the right to place a body above the remains of John Edward Yanke.

3. The monument erected over the grave of John

Edward Yanke interferes with the right of the lot owner to erect a monument over the entire lot consisting of four graves and also with the right of the lot owner to erect a monument over the grave designated no. 3, the upper portion of which is presently available for use for interment purposes by the lot owner.

4. The heirs of John Edward Yanke have the right to have the name of their decedent on any monument which may subsequently be erected over the grave of such decedent.

5. Defendant cemetery company is bound to remove the monument heretofore erected over the grave of John Edward Yanke.

Based upon the foregoing findings of fact and conclusions of law we enter the following

### Decree Nisi

1. That Oakland Cemetery Company, defendant, be and hereby is ordered upon receipt of notice from plaintiff herein that she has purchased a monument which is about to be erected over the grave of John Edward Yanke or over a larger portion of the entire lot to then forthwith remove at its own expense the monument and base now over the grave of John Edward Yanke, who was interred on November 3, 1943 in grave designated no. 3 in lot no. 401, section L, of defendant cemetery company.

2. That Esther A. Janka, plaintiff herein, is ordered, at such time as she may erect a monument over the entire lot or over the grave of John Edward Yanke to cause to be inscribed on the monument the name of John Edward Yanke with the year of his birth and the year of his death provided the heirs or family of John Edward Yanke pay for the costs of such inscription, without paying any proportionate share of the cost of purchase and erection of such monument.

3. That the costs of these proceedings be borne by defendant cemetery company.

The prothonotary shall notify the parties hereto of the filing of this adjudication and unless exceptions are filed by any party within 20 days after such notice this decree nisi shall be entered as of course by the prothonotary as the final decree.