CHARLES TONELLA, Plaintiff, *v.* FISHKILL RURAL CEMETERY and Another, Defendants.

Supreme Court, Dutchess County, October 22, 1929.

*Wm. Harry Montgomery*, for the plaintiff.

*Robert W. Doughty* [*Elijah T. Russell* of counsel], for the defendant cemetery association.

*James G. Meyer*, for Florence P. Schrader.

MORSCHAUSER, J. The defendant Florence P. Schrader purchased a burial plot of seven hundred and five square feet, being lot No. 33, section H, from the defendant, the Fishkill Rural Cemetery, a membership corporation, the grounds of which are located in the town of Fishkill, Dutchess county, N. Y. She desired to erect a mausoleum which would cover about eighty-nine square feet of ground and would be six or seven feet in height. There are several mausoleums in the cemetery of similar character.

There is no proof that the defendant association has any by-laws, but certain rules and regulations are attached to the deed.

They are as follows:

### "RULES AND REGULATIONS

"1. The Proprietors of Lots are prohibited from raising or depressing the surface of the same, above or below the surrounding ground, except by special permission of the Corporation; such permission to be granted only at a meeting of the Trustees.

"2. All graves shall be dug by workmen in the employ of the Corporation at rates determined by the Board of Trustees. The charge of opening, closing and sodding the same shall be paid to the Treasurer at the time of making application for interment.

"3. Proprietors shall not allow any interments to be made on their lots for a remuneration; nor shall any transfer or any assignment of any Lot, or any interest therein, be valid without the consent in writing, of the President and Treasurer of said Corporation be first endorsed upon such transfer or assignment.

"4. The Proprietors of each Lot shall have the right to erect proper Monuments or Sepulchral Structures therefor (except that no slab of less than three inches in thickness shall exceed three feet in height), and to cultivate shrubs and plants, but no trees on the same.

"5. All foundations for monuments shall be not less than five feet in depth, and shall be prepared by workmen employed by the Trustees, at reasonable charges, to be fixed by them, or by competent persons engaged by the plot owners, working under the supervision and direction of the Corporation.

"6. It shall be the duty of the Trustees to require that all monu-

ments, headstones, and other structures, are put up in a proper and substantial manner.

" 7. If any monument or other structure, or any inscription, be placed in or upon any Lot, which shall be determined by the Trustees to be offensive, improper or injurious to the appearance to the surrounding lots or grounds, they shall have the right, and it shall be their duty, to enter upon such Lot and cause the removal of said offensive or improper object or objects.

" 8. If any tree or shrub, situated in any Lot, shall by means of its roots, branches or otherwise, become detrimental to the adjoining lot, avenue or walk, it shall be the duty and privilege of said Corporation, and they hereby reserve the right, to enter upon said Lot and remove the said tree or shrub, or such parts thereof as they may consider detrimental, dangerous or inconvenient. But no tree growing in any lot or border shall be injured or removed without consent of the Association.

" 9. The Proprietors of lots and their families and friends, shall be allowed access to the grounds at all times, observing the rules which are or may be adopted for the regulation of visitors."

These rules were within the knowledge of Mrs. Schrader and the plaintiff. The plaintiff and defendant Schrader entered into a contract for the erection of the mausoleum upon said plot at a cost of $5,875.

The defendant cemetery association would not excavate the land or erect the foundation therefor, nor permit the plaintiff or defendant Schrader to erect the foundation for such mausoleum, and in fact when plaintiff attempted to enter upon the plot he was ejected.

The plaintiff asks for an injunction that will restrain the defendant from interfering with the contract he has with Mrs. Schrader and also authorize h'm to erect the foundation for the mausoleum despite the refusal of the defendant cemetery association to grant its permission.

Mrs. Schrader is made a party defendant and she joins in the prayer for the relief asked for by the plaintiff.

The question whether the plaintiff has an adequate remedy at law has been eliminated, for it was stipulated that the action may be determined herein with the same force and effect as though there is no adequate remedy at law.

The questions for determination are, whether the placing of a mausoleum upon this plot came within the prohibition of the rules and regulations as to structures upon such plot, and also whether the defendant cemetery association did not act arbitrarily and unreasonably and in bad faith in preventing the erection of such mausoleum, and whether the mausoleum is offensive, improper and

injurious to the surrounding lots or grounds. The defendant cemetery did not comply with section 82 of the Membership Corporations Law in relation to rules and regulations. It is admitted that there are no rules and regulations except those attached to the deed.

The plaintiff and defendant Schrader had no special permission from the trustees to raise or depress the surface of the plot.

The plot is located on a slight grade. It was the intention of the plot owner to sink the rear end of the mausoleum into the bank sufficiently to keep all the other parts of the floor of the mausoleum level with the threshold which was, of course, above ground.

The trustees were willing to give another plot to the defendant Schrader in the cemetery at another place for the erection of the mausoleum, but the defendant Schrader and her brother have sentimental reasons for desiring to have the mausoleum erected upon this plot of land. Many of their friends in their lifetime owned plots and some are buried close to defendant Schrader's plot. There are a few mausoleums in the cemetery, all placed on plots further back in the cemetery, except the large Mowatt mausoleum on the top of a small knoll about one hundred and fifty feet from defendant Schrader's plot. There are also a number of large monuments near Mrs. Schrader's plot, and of almost the size of the proposed mausoleum. They are perhaps a foot or two shorter and about four feet narrower.

Objection is made by the cemetery association that the entrance into the proposed mausoleum will be closed by a large slab instead of by bronze doors; that it is so close to the chapel that it would be mistaken for a comfort station. The answer is that the mausoleum with its slab doors, lettering and initials would dispel any illusion of that sort. The objection is unsound and also ridiculous. There are pine and cedar trees adjacent to the Schrader plot and some of the limbs would be above the mausoleum when erected. It would be always hidden from any one at the chapel. The chapel is about seventy-five feet from the Schrader plot. The mausoleum would be within a few feet of the Tompkins monument and a short distance from other monuments.

There is no proof of any complaint from any plot owner about the erection of the proposed mausoleum.

From the examination made by the court no complaint of that kind could be justified. There is nothing offensive, improper or injurious to the appearance of the surrounding lots or grounds. Many cemeteries have similar structures and many may be found in various cemeteries that have come to the court's observation.

If the defendant cemetery desired strict rules and regulations it should make them and apprise persons who desire to purchase plots therein.

My personal inspection and examination leads me to the conclusion that the objections of the defendant cemetery association cannot be reasonably and fairly sustained.

Section 84 of the Membership Corporations Law (as added by Laws of 1926, chap. 722), relating to title and rights of lot owners, provides: " * * * The parties having such possession, care and control of such lot may erect monuments and make such other improvements thereon," and the term " monument " includes a tomb or burial vault or sepulcher or building, a house chamber, vault wholly or partly in the earth or entirely above ground. (Webster's New Internat. Dict. 1402; Black's Law Dict. 791; 2 Bouvier's Law Dict. [3d Rev.] 2245.)

The defendant cemetery association objects to this action being maintained on the ground that disputes about the rights of plot owners must be first submitted by a member to the cemetery association according to the by-laws before he resorts to a court of law. The answer to this objection is that there are no by-laws of the defendant cemetery association and there is bad faith on the part of its officers.

An infringement of the rights of the lot owner may be prevented by injunction. (11 C. J. 63; *Brown* v. *Hill*, 284 Ill. 286; 119 N. E. 977; *Schoonmaker* v. *The Minister, Elders, etc.*, 5 How. Pr. 265.)

In *Mitchell* v. *Thorne* (134 N. Y. 536 at p. 540) the court said: " The right to bury carries with it the right to do so according to the usual custom in the neighborhood, and undoubtedly includes the right of making mounds over and erecting stones and monuments at the graves." (*Brown* v. *Hill, supra*; *Birch* v. *Birch*, 123 Misc. 229.)

This right is, however, subject to the reasonable rules of the cemetery association and the rights therein given to the lot owner, and such reasonable control as a court of equity should exercise to prevent infractions of the recognized rules of propriety. (11 C. J. 62.)

Aside from the fact that the plaintiff is not a plot owner, I believe under the circumstances the action can be maintained by him for the relief herein sought. His contractual relation with the plot owner gives this right to him. Whatever rights and privileges Mrs. Schrader has in placing a monument upon her plot inure equally to plaintiff's benefit for the purposes of erecting the mausoleum and carrying on the work in connection therewith. Since she had the right to erect the proposed mausoleum she could contract with another to do the work for her.

In *Chariton Cemetery Co.* v. *Chariton Granite Works* (197 N. W. 457) the Iowa Supreme Court declared invalid all cemetery regulations in that State which deprived lot owners of the right to select those who shall do work on their lots, and wh ch purported to give the association the exclusive right to construct monument foundations, etc. The learned court said: "It is apparent that what defendants were doing in constructing foundations was in violation of the rules, above set out, providing that all excavations for foundations should be made, and all foundations constructed by the company. If these rules are reasonable in character and such as the company had a right to make, it had a right to insist on their observance. If, on the other hand, the requirement that such work must be done by the company or its employees only is unreasonable, appellant may not have the aid of a court of equity in enforcing it. Assuming as we have, although there is, as we have said, no evidence from which the fact can be found, that the lot owners acquired, not the absolute fee of the lots, but merely an exclusive right of sepulture therein, subject to such reasonable rules as to the improvement and adornment of their lots as the cemetery company might make, still it is plain, both in reason and upon authority, that the mere right to bury the dead was not all that was granted. With the right to use the lot as a burial place there went also the privilege of visiting, keeping, and attending the graves of those interred there, under such reasonable rules as the character of the work and the manner in which it should be done as might be prescribed. That the lot owner could not reasonably be deprived of the right to do personally what he might desire, so long as he conformed in the character of the work and the manner of doing it with such rules, cannot be doubted. Any rule of the company that would deprive him of the right to personally care for, beautify, adorn and improve the burial place of his dead would be abhorrent to many of the finer instincts of mankind. A rule that required that the work be done of a certain character, conform to certain standards, or be done in a certain manner would not deprive him of that right and would not, on that account, be unreasonable, but one that obliged him to forego the right of personal attendance or labor in marking or beautifying the spot that he provided as the last resting place of those near to him in life, so long as he conformed to proper regulations, would be unreasonable. What he might do himself he might rightfully do by another of his own choosing whom he might regard as more competent."

The relief asked for in the complaint herein should be granted, without costs.