In the Matter of the Estate of BERTRAND H. BILLMAN, Deceased.

Surrogate's Court, Westchester County, May 10, 1932.

*Twyeffort & DuBois* [*Frederick H. Berges, Jr.*, of counsel], for the executors.

*Henry R. Barrett* [*Henry R. Barrett, Jr.*, of counsel], for Matilda S. Billman, widow.

*Metcalfe & Branch* [*Daniel E. Fitzpatrick* of counsel], for Fred R. Billman, a beneficiary.

SLATER, S. In this proceeding, upon a stipulation entered into by all parties concerned and in connection with the construction proceedings, the court is asked to determine the claim of the widow of the decedent, for an allowance of $13,300 for the cost of the construction of a mausoleum at Kensico Cemetery, where the deceased is interred. The testimony is that the widow expended something over $4,000 for the burial plot, making in all something like $18,000 expended by her.

The testimony shows that at the time the decedent died, some three years ago, he was interred in a grave in a plot in a cemetery at Astoria, Long Island, owned by the mother of the widow of the

decedent. The widow later removed his body from the cemetery and reinterred it at Kensico. His estate has heretofore paid $150 for the right to use the plot in the graveyard at Astoria. The executors claim that that ends the right of the widow to reinter and to receive any reasonable pay for new grounds or the cost of a mausoleum.

In my judgment, the erection of a mausoleum is within the authority granted by subdivision 3 of section 314 of the Surrogate's Court Act, which says that the expression " funeral expenses " shall include " * * * a burial lot and suitable monumental work erected thereon, and a reasonable charge or expenditure for the perpetual care of the decedent's burial lot."

In the absence of testamentary direction, the right to the possession of the dead body for the purpose of preservation and burial, belongs to the surviving husband, or wife, or next of kin. (*Birch* v. *Birch*, 123 Misc. 229, and cases cited.) The placing of the body in the temporary grave was similar to the use of a receiving vault frequently resorted to for convenience and for time to contemplate and fix upon a final place of interment.

The right of possession and burial carries with it the right of placing over the grave a proper monument or memorial. (*Matter of Richardson*, 29 Misc. 367, 369.)

No authority has been submitted denying the right of a surviving spouse to disinter a body and make final interment at a reasonable cost to be paid by the estate.

The real question here presented is: What is a reasonable allowance to be made by this court?

The question of reasonableness depends upon two considerations: (1) The status in life of the decedent, and (2) the amount of the estate. With regard to the status in life of the decedent, he resided in one of the best developments in the city of White Plains; was married to the widow for about twenty-five years; had been engaged in mercantile activities in the city of New York. Through his efforts and the efforts of his wife, who had joined him in the first years of his business career, he had accumulated an estate of real and personal property of approximately $150,000.

Reasonable funeral expenses have a preference. (*Matter of Stiles*, 126 Misc. 715; Jessup-Redfield, §§ 795-a, 796 and 796-a.) As to rights with regard to the erection of mausoleums in cemeteries, see *Tonella* v. *Fishkill Rural Cemetery* (135 Misc. 81). There is an implied promise that the executors of an estate will pay reasonable funeral expenses. (*Matter of Tangerman*, 226 App. Div. 162.)

The court is limited to fixing a reasonable sum for the burial plot and the monument, or mausoleum, thereon, so as not to constitute

a *devastavit*.   These payments are made by the executors or administrators to the surviving spouse on the theory that the law implies a promise to reimburse the person who has the right of burial.

In the larger cities of the country and particularly about the city of New York, large cemeteries have come into being, and it is the custom of the times to erect for persons who have accumulated a fortune either a monument of stone or granite, or a mausoleum of stone, granite or marble, containing therein one or more crypts for the burial of the family.

In the instant case the widow has erected the mausoleum upon a plot of ground in a very finely landscaped and developed cemetery in Westchester county.

In my opinion, a reasonable allowance to be made the widow for the purchase of the ground and the erection of the mausoleum is $7,500.

It may be noted at this point that the court has heretofore construed the will of the decedent, the interest of the widow being three-fourths of the entire estate.   Consequently, she will necessarily bear three-fourths of the allowance given herein.

Let decree allow claim in the above amount.