ANHEUSER and another, Appellants, vs. WEST LAWN CEMETERY COMPANY, Respondent.

*November 9, 1938—February 7, 1939.*

*Arnold C. Otto* of Milwaukee, for the appellants.

For the respondent there were briefs by *Benson, Butchart & Benson* of Racine, and oral argument by *Donald A. Butchart*.

The following opinion was filed December 6, 1938:

FAIRCHILD, J.   Mrs. Anheuser is the owner of a lot in the West Lawn Cemetery at Racine.   The defendant corporation sold her this lot on the 16th day of November, 1934, and gave her a deed in accordance with a contract which provided for the erection of one monument at the center of a lot and the placing of markers flush with the ground at the head of each grave.   The plaintiff's husband died on December 9, 1936, and was buried on the lot.   On April 14, 1937, Mrs. Anheuser entered into a contract with Schaefer & Company for the purchase of a monument which Schaefer & Company agreed to place upon the Anheuser lot, but the

West Lawn Cemetery Company refused to give its permission for Schaefer & Company to enter upon the premises for that purpose.

It is apparent that Schaefer & Company has an interest in the carrying out of its contract, an interest which it could protect without being subjected to the pains and penalties of maintenance or champerty. *Davies v. Stowell* (1890), 78 Wis. 334, 47 N. W. 370. However, the court's refusal to admit Schaefer & Company as a party to the action by Mrs. Anheuser was a discretionary order, not reversible except for an abuse of discretion, which we do not find in the present case.

Schaefer & Company might have brought an action of its own if it had seen fit to do so. *Tonella v. Fishkill Rural Cemetery* (1929), 135 Misc. 81, 236 N. Y. Supp. 663, affirmed 255 N. Y. 617, 175 N. E. 338. It might have been permitted to join in the action of Mrs. Anheuser. Having in its discretion refused to permit such joinder, the court could not thereafter enter judgment for costs against Schaefer & Company in the present action. Costs may be allowed in special proceedings such as a motion to be joined as a party, but the costs there allowed are costs of the proceeding rather than costs of the principal action.

Mrs. Anheuser notified her attorneys in due season that she desired to have her appeal dismissed. We are of the opinion that she is entitled to discontinue.

*By the Court.*—Appeal of Bertha Anheuser dismissed; judgment against Schaefer & Company reversed, Schaefer & Company to have costs on this appeal.

A motion for a rehearing was denied, without costs, on February 7, 1939.