Bert B. Lockwood, J.
This is a proceeding for an order directing the means, time and place of burial of the body and remains of Walter C. Bower, deceased. The decedent died April 11, 1959. He was survived by his wife, Cassie Bower, who resides in Phoenix, New York, and five children of the marriage. The decedent is also survived by his mother and father, Jacob and Mary Ann Bower, who reside in Genoa, New York. The decedent had been separated from his wife and children for a number of years prior to his death. The decedent was seriously injured in an industrial accident in 1951 and for approximately five years prior to his death he was in failing health and lived with his parents at whose house he died.
*937 The parents, on the one hand, and the wife and children on the other hand, claim the right to have the decedent’s body. In the absence of testamentary direction, the right to the possession of the dead body for the purpose of preservation and burial, belongs to the surviving husband or wife or next of kin. (Matter of Billman, 143 Misc. 765.) A person has the right to direct the manner in which his body shall be disposed of after his death. (Public Health Law, § 4201.) Section 4201 of the Public Health Law imports no special formality in the directions to be given. "Whether directions pursuant to this statute had been given would be a question of fact to be determined under the ordinary rules of evidence and that parol or nonformal dispositions, if proved, would be equally valid under this section as directions given by formal instruments. (Matter of Scheck, 172 Misc. 236, 241.) The mother of decedent has submitted an affidavit in this proceeding indicating the decedent had directed the manner in which his body should be disposed of pursuant to section 4201 of the Public Health Law. Whether or not the court would deem Mary Ann Bower’s statements, or any other proof submitted by either party, credible to the extent necessary in the present situation, is incapable of decision until they have appeared in person and have testified before it, since such questions are incapable of evaluation on affidavit alone.
It follows that the issue must be set down for hearing before the court, at which time a determination will be possible as to whether the testimony of the witnesses possesses cogency and persuasiveness adequate for the court to find a direction by the decedent for the disposition of his body pursuant to section 4201 of the Public Health Law.
Proceed in conformity herewith.