J. Irwin Shapiro, J.
This is an action for a declaratory
judgment brought by the individual plaintiff, a plot owner in the defendant Lutheran Cemetery (Cemetery), and by Florists and (Hardeners Association of Middle Village, Inc. (Association), a membership corporation composed of florists and gardeners who are engaged in the business of tending graves in the Lutheran Cemetery, seeking to enjoin the Cemetery from collecting a lot tax of $2 per lot authorized by the Cemetery Board of the State of New York (Board) by an order dated May 28, 1963.
In addition, the Association seeks to annul the imposition of a $50 annual charge per gardener imposed by the Cemetery.
*837 The Board, having been served in accordance with the provisions of section 108-a of the Membership Corporations Law, appeared at the trial as amicus curies and urged that this action did not lie and that the plaintiffs ’ only recourse was to proceed by way of an article 78 proceeding. At the suggestion of the court, and with the consent of all parties, the Board became an impleaded defendant and it was agreed that the court should determine the controversies between the parties on the merits regardless of the form of the pleadings or proceedings.
By an application dated in March, 1963, and pursuant to the provisions of section 90 of the Membership Corporations Law, the Cemetery sought permission, among other relief requested and not here germane, to levy a lot tax of $2 per annum for the ensuing five-year period. The Board, which is composed of the Secretary of State, who acts as chairman, the Attorney-General of the State and the Commissioner of Health, reviewed the operation and finances of the Cemetery and determined that the imposition of a $2 lot tax for those cemetery lots not under annual or perpetual care should be granted. The basis of the Board’s approval, contained in its order dated May 28, 1963, was that the Cemetery was in a precarious financial condition which could only be relieved, or at least ameliorated, by the approved lot tax.
The Board is a creation of a legislative act following an intensive investigation by the office of the Attorney-General in 1949 which, among other things, reviewed many abuses in the ownership and management of cemetery lands. As a result, the Membership Corporations Law was amended insofar as cemetery lands were concerned (L. 1949, ch. 533). In the amendment the Legislature announced that in the exercise of the police power of the State and for the purpose of promoting the public Avelfare, it was enacting the laws in question to prevent cemeteries from falling into disrepair and dilapidation and thereby becoming a burden on the entire community.
That the State’s declaration of policy and the Iuavs enacted pursuant thereto were proper exercises of the poAver resident in the State is beyond question. (Grove Hill Realty Co. v. Ferncliff Cemetery Assn., 7 N Y 2d 403, 409.)
Subdivision 1 of section 90 of the Membership Corporations Law reads: “If the funds of a cemetery corporation, applicable to the improvement and care of its cemetery, or applicable to the construction of a receiving vault therein for the common use of lot ovmers, be insufficient for such purposes, the directors of the corporation, not oftener than once in any year and for such *838 purposes only, may, upon the prior approval of the cemetery board, which shall determine the necessity and propriety thereof, levy a tax on some basis to be determined by the directors of such corporation, but no such tax shall exceed two dollars on any one lot, except that with the written consent of two-thirds of the lot owners or by the vote of a majority of the lot owners present at an annual meeting, or at a special meeting duly called for such purpose, such tax may be for an amount which shall not exceed a total of five dollars per annum per lot, and the tax on any one lot shall not exceed five dollars per annum but the taxes may be levied upon each lot in the first instance for a sum sufficient for the improvement and care of the lot, but no greater sum than five dollars shall be collected in any one year. The whole tax levied may be collected in sums of five dollars in successive years in the manner herein provided.”
Although the complaint in part relies upon the unreasonableness of the tax imposed, the plaintiffs on the trial conceded that they were relying for success in their attack solely upon the lack of power in the Board to approve a section 90 lot tax. Before a cemetery may impose a section 90 tax upon its plot owners, it must demonstrate to the satisfaction of the Board its need for funds to provide for proper maintenance and operation of the cemetery and the inadequacy of its capital structure for such purposes. If the Board, after due review and consideration of the financial condition of the Cemetery, determines that such need has been established, it may permit the imposition of the tax.
In this case that need was adequately established before the Board and by testimony before this court. The determination of the Board not being unreasonable or arbitrary and in fact being consistent with the needs shown, may not be disturbed by this court unless the Board had no power to impose such a tax. In the case at bar, the tax is levied against plot owners and therefore it in no way penalized outside gardeners who are members of the Association for there is no requirement that a plot owner must employ the gardening services offered as annual care by the Cemetery. On the contrary, he may service his own plot or he may utilize the services of one of the members of the Association to do the necessary gardening and maintenance. Any attempt to prevent the entry of outside gardeners would be illegal. (Orlowski v. St. Stanislaus R. C. Church Soc., 161 Misc. 480; Tonella v. Fishkill Rural Cemetery, 135 Misc. 81, affd. 229 App. Div. 732, affd. 255 N. Y. 617.)
*839 It would seem obvious that the section 90 lot tax is an equitable and proper one for otherwise the plot owner tending his own plot, either by himself or through one of the Association members, would not be contributing to the maintenance of the Cemetery and the entire burden of such maintenance would fall squarely upon those plot owners who placed their lots with the Cemetery under either annual or perpetual care. Such a one-sided impost would be discriminatory. (Jewish Center of Mt. Vernon v. Mt. Eden Cemetery Assn., 15 A D 2d 94, mod. 12 N Y 2d 773.)
I find from the testimony, and it is virtually undisputed, that at the time of the imposition of the tax, the funds of the Cemetery were wholly inadequate to properly service and maintain the Cemetery grounds. Under the circumstances, a tax for the benefit of all plot owners so designed as to compel every plot owner to pay his fair proportionate share for the operation of the Cemetery is legally valid. This impost was just such a levy. The first cause of action by the individual plaintiff seeking to invalidate the $2 section 90 tax is, therefore, held to be without merit.
The second cause of action —that in behalf of the Association, whose members are outside gardeners servicing plots for individual owners — attacks the exacting of a $50 annual fee by the Cemetery from each outside gardener as a supervision fee.
The testimony of the president of the Cemetery, which I accept and credit, shows that the supervision fee is reasonably related to the services furnished by the Cemetery to the outside gardeners. Such services, among other things, include the furnishing of water consumed by the gardeners in servicing their customers, maitnenance of roads and paths, removal of rubbish, dead grass, flowers and plants, which upon many occasions are deposited in waste baskets on the Cemetery grounds by the gardeners, and general supervision of the work of these outside gardeners to see that they do not violate any Cemetery rules and regulations.
The brief of the Attorney-General states, and it is not disputed, that by order dated February 10,1953 the Board approved the collection by the Cemetery of a flat annual $50 supervision charge. Since the charge is related to the services required to be rendered by the Cemetery for the Association and its members and the finding of its reasonableness as to amount has the imprimatur of the Cemetery Board of the State of New York, this court may not interfere therewith absent a showing of abuse *840 by it of its powers in granting such approval. There is no such proof in this record.
Ordinarily a determination in favor of a defendant would result in a dismissal of the complaint but since this is an action for a declaratory judgment the defendants are entitled to a judgment declaring the validity of both the $2 tax and the $50 charge. (Lanza v. Wagner, 11 N Y 2d 317.)