William J. Regan, S.
Hearings were held in this court on June 23, 1972 and September 5, 1972 on an application which was basically for advice and* direction concerning allowable funeral, burial and interment expenses. Other matters described in the petition for all practical purposes were resolved. The deceased, John Limeri, died on October 2,1971 and his will, executed April 27, 1970, has been admitted to probate in this court.
The will divided the estate into 30 shares, 10 shares of which are in trust for the decedent’s mother with a right to invade principal during her lifetime and then payable to a nephew, Prank Limeri. Of the remaining 20 shares, 8 shares pass to Frank Limeri outright, 4 to the executor, one share to the Salvation Army and the balance to two nieces and two parties described as friends. One of the friends, who is now his wife, is apparently electing to take against the will.
The proof indicated that the probate estate will be somewhere in excess of $300,000 and that there are certain other assets of substantial value that will not be part of the probate estate.
It is undisputed that the deceased was in fact buried at a basic cost for the funeral of $3,692.72. The widow testified that the deceased was buried in a sarcophagus at a cost of $9,800; that the minimum burial lot for a sarcophagus is $5,000, the cost in this estate, and the minimum perpetual maintenance is $2,000, nil of which totals $20,492.72. The decedent’s will simply states 111 direct that all my just debts ’ ’, etc., ‘1 and that my burial *124 expenses be paid.” However, this court heard testimony from the decedent’s mother, who is a beneficiary in this estate, his accountant, and his personal physician who testified he was also a close personal friend, in which they stated that the decedent on a number of occasions had advised them that he desired to be buried above ground. There apparently is no dispute that the items totaling’ $16,800 in connection with the burial in a sarcophagus were the minimum amounts that could be spent for a burial of this type. The widow indicated that her husband, the decedent, had on a number of occasions expressed the same preference to her that had been testified to by the other witnesses, to wit; that he be buried above ground. The widow testified that she had, in fact, made all of the funeral arrangements and had agreed that the total of $20,492.72 be paid even if it were not allowed under the description of “ funeral expenses ”. The executor testified in substance that he felt that he needed a court direction before making such payment and that it appeared strange that the will said nothing about such unusually large expenses. The clients represented by Mr. Lyons stated that they disapproved of the expenditure in relation to the sarcophagus and were asking that these expenses be disallowed as an expense of the estate.
There has been considerable law on this question, a number of the pertinent cases having been brought to the attention of this court. The matter resolves itself as to what are reasonable funeral expenses. SOPA 1811 (subd. 1) under “Payment of debts and funeral expenses ”, says the following: “The reasonable funeral expenses of the decedent subject to the payment of expenses of administration shall be preferred to all debts and claims against his estate and shall be paid out of the first moneys received by his fiduciary.”
SOPA 103 (subd. 21) in defining fiduciary includes, among others, ‘ ‘ executor ’ ’. Subdivision 22 of the same section states as follows: ‘1 Funeral expense. Includes reasonable expense of a funeral, suitable church or other services as an integral part thereof, expense of interment or other disposition of the body, a burial Jot and suitable monumental work thereon and a reasonable expenditure for perpetual care of a burial lot of the decedent. ’ ’
The question of reasonableness appears to be the issue in this case. There have been numerous eases in this State on the subject of funeral expenses and it has been indicated that the station in life of a décedent, the size of the probate estate, the benefits of the expenditures and the effect of the payment on *125 the rights of legatees and creditors are to be considered. (Matter of Molinaro, 140 N. Y. S. 2d 834.)
This estate is a substantial one, being apparently somewhere in excess of $300,000 and it would appear that there will be no problem in paying creditors who will principally be the State and Federal Governments for estate taxes. The court’s attention has been called to Matter of Billman (143 Misc. 765) and the case of Matter of Borden (159 Misc. 766), which hold that reasonable funeral expenses can include the erection of a mausoleum and the payment of a substantial sum for that purpose where the estate is of sufficient size to warrant this cost. It is testified that the cost of a sarcophagus is less than that of a mausoleum and it is argued that the expense in excess of $20,000 is well within the capacity of this estate to bear the expense and to carry out the desired intention of the decedent. The court is referred to Matter of Cava (174 Misc. 750). There are not too many reported cases discussing the amount that can be paid. However, in Matter of Borden (supra) involving an estate of over $400,000, where the will authorized “ the erection of suitable mausoleum ”, the executors were required, according to the Surrogate, to carry out the wishes of the decedent with regard to the purchase of the burial plot and the erection of a mausoleum. The court pointed out that under subdivision 3 of section 314 of the Surrogate’s Court Act, that the erection of a mausoleum was authorized even where there was no direction made in the will. The Surrogate pointed out in Borden that since there was a direction in the will that an expense of $15,000 for a mausoleum and $10,000 for a plot was not disproportionate. In Matter of Billman (supra, p. 766) the Surrogate stated that ‘ ‘ In my judgment, the erection of a mausoleum is within the authority granted by subdivision 3 of section 314 of the Surrogate’s Court Act, which says that the expression ‘ funeral expenses ’ shall include 1 * # * a burial lot and suitable monumental work erected thereon, and a reasonable charge or expenditure for the perpetual care of the decedent’s burial lot ’.” It should be noted that this section is virtually identical to SOPA 103 (.subd. 22). In that estate of approximately $150,000 in 1932 the Surrogate allowed $7,500 as not being unreasonable. It appears to this court that it is at least arguable that the widow could have ordered a mausoleum at a substantial expense to the estate but of course not so large as to impose an undue burden on the estate. This is so absent any express wish on behalf of the decedent as to his manner of burial. In this case the court is satisfied that the decedent had *126 in fact expressed a desire to be buried above ground to various parties, including Ms mother, who shares in the estate, and whose testimony certainly is against her pecuniary interest. This court finds that the decedent in fact wished to be buried above ground; that the minimum expense in connection with the burial in a sarcophagus is $16,800 and, although it would have simplified matters considerably if the decedent had expressed this direction in Ms will, this court believes, under the circumstances, the estate being in excess of $300,000, it is not unreasonable to expend this amount, particularly in view of the expression of preference clearly expressed by the decedent during Ms lifetime.
It may be pointed out in passing that this court and I am certain other Surrogate’s Courts are frequently troubled by elaborate directions concerning a burial being included in a will which is presented to a court normally a substantial period of time after the burial has taken place, obviously, in many cases, causing great complications. While it would be helpful for the will to have contained a direction concerning the sarcophagus it would have been relatively academic if there had not been a discussion beforehand as to the decedent’s wishes. If funeral instructions are to be placed in a will it is important that they be expressed to those who would normally be making funeral arrangements before death.
The funeral expenses therefore of $3,692.72 are not excessive and the expenses in connection with the sarcophagus of $16,800, in view of the size of the estate, the expressed wish of the decedent, and the appropriate provisions of the SOPA, aré a legitimate charge against the estate and the court directs that they be paid by the executor as part of the administrative expense.
Other matters concerning a ring and a burial allowance have been settled on stipulation and may be included in an appropriate order. The matter concerning the sale of realty can be disposed of in a separate order upon agreement of counsel.